EDWIN E. RISLEY, Appellant, v. MOON MOTOR CAR COMPANY OF NEW YORK, INC., Respondent.

*Conversion — motor car delivered to defendant for repairs — alleged refusal to return on demand.*

*Risley* v. *Moon Motor Car Co. of N. Y., Inc.,* 202 App. Div. 863, affirmed.

(Argued February 2, 1923; decided March 6, 1923.)

APPEAL from a judgment, entered August 9, 1922, upon an order of the Appellate Division of the Supreme Court in the third judicial department, reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint. The action was to recover for the alleged conversion by defendant of plaintiff's automobile which had been delivered to defendant for repairs and which plaintiff alleged defendant refused to return on demand. The Appellate Division held that there was no evidence of conversion.

*A. G. Patterson* for appellant.

*David D. Deutsch* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN and CRANE, JJ. Dissenting: ANDREWS, J.

---

EDWIN G. MOORE, Appellant, v. EDMUND L. DAY, Respondent.

*Real property — easements — right of way — when purchaser of land on island in lake has no right of way either by implied grant, by necessity or by prescription over shore lands of his grantor.*

*Moore* v. *Day,* 199 App. Div. 76, affirmed.

(Argued February 2, 1923; decided March 6, 1923.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered January 5, 1922, reversing a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term without a jury and granting a new trial. The action was to establish a right of way over defendant's land. Plaintiff's predecessor in title purchased a tract of land on

an island in Lake Champlain half a mile from the mainland. Defendant's father from whom the purchase was made also owned the shore line opposite the island and for many years plaintiff and his predecessor were permitted to cross his land from the highway to the shore of the lake and to have boats there for the purpose of crossing to the island. Defendant succeeded to the shore land upon his father's death and has prevented plaintiff from continuing to cross his land. There was no grant of any easement in the deed to plaintiff's predecessor. Plaintiff claimed to be entitled to judgment upon the theories of implied grant and estoppel, by necessity and by prescription.

*Charles J. Vert* for appellant.

*John J. Tudge* for respondent.

Order affirmed and judgment absolute ordered against appellant on the stipulation, with costs in all courts; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.

---

WILLIAM MAHON, Respondent, *v.* SIGMUND ORBACH, Appellant.

*Negligence — elevators — injury from walking into unguarded elevator shaft.*

*Mahon* v. *Orbach*, 202 App. Div. 797, affirmed.

(Argued February 2, 1923; decided March 6, 1923.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June 26, 1922, unanimously affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant who was the owner of a factory building on East Ninety-first street in the city of New York. Plaintiff, a truckman in the special employ of one of defendant's tenants, walked into an open, unguarded elevator shaft and falling received the injuries complained of.