MINOR J. SEBRING and Another, Plaintiffs, *v.* EDWARD FITZGERALD and Another, Defendants.

Supreme Court, Ontario County, December 28, 1931.

*Lapham & Ryan,* for the plaintiffs.

*Earle S. Warner,* for the defendants.

RODENBECK, J. There is no evidence in this case to justify the court in concluding that the defendants have any interest in the driveway in question, either by conveyance or use.

There is no construction that could be given the conveyances that would carry the defendants' title east so as to include the driveway or any part of it. There are no official surveys or maps of the laying out of Exchange or Jay streets, the two streets involved, which would give any official data to go by. The controversy must be determined from the descriptions in the deeds and the use that has been made of the driveway in question.

The first conveyance was of the corner lot, now owned by the Zimmermans, which lies to the east of the Sebring property. This property has a frontage on Jay street of two chains, or one hundred and thirty-two feet, from the west line of Exchange street. There is a question as to the location of the westerly line of Exchange street. There is no official survey or map laying out Exchange street. The survey that was put in evidence was not adopted by the village board, and is in conflict with the practical location of the street. In the absence of any official map or survey, the court must rely upon the practical location of the street. The Zimmerman property, being first conveyed, must be given its frontage of one hundred and thirty-two feet on Jay street from the west line of Exchange street, unless the west line of the Zimmerman property has been otherwise fixed and accepted by the owner. There existed on the west line, when the Sebrings purchased the adjoining property, and prior thereto, the remains of a line fence, and, when this controversy arose, the plaintiffs sought to discover the northerly end of this fence, and found a submerged stump of a post, which appears to the court to be the northerly post of the fence bounding the Zimmerman property on the west and the Sebring property on the east. This post is about opposite the easterly end of a sidewalk that was constructed in front of the Sebring property in 1908, and is confirmed as a part of a line fence by other evidence in the case. Accepting this post as the northeast corner of the Sebring property will not disturb the westerly boundary of the Zimmerman property, but will give it a frontage of one hundred and thirty-two feet on Jay street without encroaching upon the line of Exchange street, which, according to this reckoning, will be nine-tenths of a foot west of the westerly line of the sidewalk on Exchange street.

The Sebring property, according to the conveyance to them, has a frontage on Jay street of seventy-seven feet, which would bring the northwest corner of the property beyond the driveway in question and, approximately, opposite the westerly end of the sidewalk constructed in front of the Sebring property in 1908. The length of the easterly line of the Sebring property is not defined in the deed, but the southerly line extends sixty-three feet from the easterly line. The westerly line runs between the west ends of the southerly and northerly lines and extends to Jay street and is west of the driveway. The fact that the length of this line is about nine feet more than the actual length of it is unimportant and requires no explanation. If there was an error, it may be in not carrying the southerly line far enough to the south. It may be, merely, an erroneous description of the length of the westerly line.

The Fitzgerald property extends to the Watkins or Sebring property on the east. The location of the Sebring property, from the fence that formerly existed on the westerly line of the Zimmerman property, gives the latter property all that its conveyances call for and does not disturb the defendants' property, which extends only to the Sebring property. Under this construction of the Sebring deed, there is a presumption that the use of the driveway was in subordination of their title.

There was, however, no prescriptive right obtained by the defendants to the use of the driveway. The practice had grown up of using the space west of the Sebring house as a means of ingress and egress, not only by the predecessors in title of the Sebring property, but, also, of the Fitzgerald property. At first, there were only wagon tracks over the grass plot that existed between the two houses, and it was not until 1925 that the driveway was covered with material so as to constitute a well-defined driveway. A garage was built at the south end of the driveway by the plaintiffs, and one, west of this garage, by the defendants which they approached by means of the driveway and then veering off to the right. As a matter of accommodation and neighborly courtesy, the plaintiffs, under their title, had permitted this use of the space occupied by the driveway, and after its improvement, down to about 1930, no claim had ever been made of any legal right to use the driveway and no dispute had arisen about it. No such use has been made of the driveway as to create a presumption of an adverse claim. There is no evidence that the defendants, or any predecessor in title of the property occupied by them, had ever made any claim to the use of the driveway, and no controversy arose with respect to it until a short time before the commencement of this

action. Defendants' predecessor in title assumed that the title to the land in Jay street had not been acquired, in front of their property, until 1921, when a quitclaim deed was executed and accepted conveying to their predecessor in title the land in the street. There was a dispute up to that time as to the right of the defendants' predecessor in title to have access to the property from Jay street, and it was quite natural that they should have sought a means of ingress through adjoining property. The use that had been made of the property covered by the driveway has not been such as to ripen into any prescriptive right, and defendants have no title to the use thereof. (*Cutting* v. *Burns*, 57 App. Div. 185; *Robinson* v. *Phillips*, 56 N. Y. 634; *Doherty* v. *Matsell*, 119 id. 646; *Heller* v. *Cohen*, 154 id. 299; *Sewall* v. *FitzGibbon*, 233 App. Div. 70; *Hinkley* v. *State of New York*, 234 N. Y. 309; *Van Overbeek* v. *Batsleer*, 191 N. Y. Supp. 49; *Falcony* v. *Thomas*, 194 id. 643.)

The plaintiffs are entitled to a permanent injunction restraining the defendants from using the driveway in question, together with the costs of this action.

So ordered.