MARY N. McKEE, Appellant, *v.* RALPH H. McKEE, Respondent.

(Argued January 11, 1935; decided April 16, 1935.)

*H. James Hitching* and *Carl Edwin Ring* for appellant.

*John J. Kirby* for respondent.

CRANE, Ch. J.   The plaintiff and the defendant were married at Carthage, in the State of Illinois, on the 26th day of June, 1902.   Two children, a boy and a girl, were subsequently born, the girl in 1908 and the boy in 1910. The family moved to this State in 1918 and continued to reside together until January of 1925, when the plaintiff ceased to live with the defendant, " because of his violent, brutal and insulting treatment, and has since lived separate and apart from " him.   Such is the allegation of her complaint in this action which she has brought for separation and for maintenance.   She alleges further, that the defendant's cruel and inhuman treatment, and his conduct toward her renders it unsafe for her to live with him.

The defendant's answer sets forth at length a divorce which he had obtained on the 2d of September, 1931, in the Second Judicial District Court of the State of Nevada.   He alleges that, the plaintiff having abandoned him without any cause or justification, he went to Nevada, established a residence, and commenced an action against his wife, the plaintiff, for absolute divorce, and that he was awarded a decree on the date mentioned.   He demands that under the Federal Constitution, article IV, section 1, full faith and credit be given by this State to this decree of the Nevada court, alleging that that court " had full and complete jurisdiction over all of the parties thereto."   The further allegation in the answer is made in the following language: " That said judgment and decree was and is binding upon both parties to this action, and is entitled to full faith and credit in the courts of the State of New York."

When the case came to trial it proceeded along the line of these issues prepared by the pleadings, the defendant insisting that by reason of the plaintiff's conduct he had established a full and complete residence in Nevada, which became his domicile, and that the decree of divorce which he obtained was binding in this State, although

his wife was not served within the State of Nevada and did not appear in the action. That this was the direction which the trial took and the main and principal issue presented to the trial judge is quite apparent from his findings. He made a decision in which he held that the Nevada decree was not binding upon Mary McKee; that the husband, Ralph H. McKee, by marrying again and living in this State with his new wife, was living in adultery according to our laws; and that such acts constituted cruel and inhuman treatment, without considering anything else, and gave his decree for the plaintiff accordingly.

The charges in the plaintiff's complaint of cruel and inhuman treatment prior to 1925, and brutal conduct of such a nature as to make it dangerous for her to live with her husband, were not considered by the trial judge. He made no findings or decision upon these allegations. His findings deal solely with the Nevada decree and the husband's subsequent marriage. He refused the following requests:

" III. On January 13, 1925, plaintiff abandoned defendant without any cause or justification therefor, and severed and terminated the matrimonial domicile in New York by thus abandoning defendant, and since that time has, at all times, remained wilfully and continuously absent from defendant without his consent, and without any cause or justification therefor, and with intent not to return.

" IV. Defendant did not, without justification, fail, neglect or refuse to provide for the support and maintenance of plaintiff."

As I have said, however, the trial judge decided the case solely upon the defendant's claim that the Nevada decree was binding upon the wife.

The case went to the Appellate Division, which made new findings of fact, wherein the court stated that Ralph H. McKee was never guilty of cruel and inhuman conduct towards his wife; and that the wife abandoned him

on January 13, 1925, without any cause or justification. That court said, basing its opinion upon these new findings: " When it appeared therefore, that the plaintiff had abandoned the defendant, the trial court should have dismissed the complaint regardless of the defendant's subsequent transgression, if such it be." (241 App. Div. 149, 152.)

This court is now obliged, pursuant to section 589, subdivision 2, of the Civil Practice Act, to review these new facts found by the Appellate Division, and to determine whether they are sustained by the weight of evidence. We shall not attempt to review the evidence at length. Sufficient to state that the plaintiff stated that her husband was a man of quick temper and on occasions had struck and beaten her. In this she was supported by her daughter, a college graduate and a student of medicine who had come from Florida to testify at the trial. The husband denied these allegations. The son in laconic answers stated that he had never seen his father cruel to his mother. Wherein lies the weight of testimony, and what tips the scales in favor of the husband or wife?

In matrimonial actions, where the family is divided, and feelings become intense, the judge who sees and hears the parties has a certain advantage which may not be as important in other cases. After all, there is something in the manner in which a witness testifies. We feel that the trial judge in this case should have an opportunity to express in proper legal form his decision, based upon both hearing and seeing the witnesses testify. The trial judge in this case made no findings or decision upon the husband's cruel and inhuman treatment. He refused to find that the plaintiff abandoned the defendant without any cause or justification, and yet in his opinion said: " The record has been searched and combed to discover some act of the defendant that could be branded as cruel." The wife testified that her husband struck

her and jumped on her with his knees until she became unconscious and had to be treated by her daughter. She testified that frequently her husband would slap and shake her, and in all this she was corroborated by her daughter. Quite apparent is it that the trial judge did not consider the question of cruelty as vital to the case. His mind, as directed by the course of the trial, was upon the validity of the Nevada divorce, and the cruelty arising from the husband living here in adultery. These other matters were not considered important or necessary to the plaintiff's case.

We think, therefore, a matter so vital to the wife and to the husband, where the case had been tried upon one theory and reversed upon another; where the Appellate Division has made new findings of fact upon an issue not squarely decided or passed upon by the trial judge, and about which he made no findings, requires that we should send this case back for a retrial of this issue of cruelty.

The judgment of the Appellate Division and that of the Special Term should be reversed and a new trial granted, with costs to abide the event.

LEHMAN, O'BRIEN, HUBBS, CROUCH and LOUGHRAN, JJ., concur; FINCH, J., not sitting.

Judgments reversed, etc.