ERNEST J. PIRMAN et al., Appellants and Respondents, v. HAROLD T. CONFER et al., Respondents and Appellants.

Argued January 21, 1937; decided March 16, 1937.

*Joseph Rosch* and *John H. Barker* for plaintiffs, appellants and respondents. The facts are before the Court of Appeals for review. (Civ. Prac. Act, § 589, subd. 2; *York Mortgage Corp.* v. *Clotar Const. Corp.*, 254 N. Y. 128; *McKee* v. *McKee*, 267 N. Y. 96; *Exchange Bakery & Restaurant, Inc.*, v. *Rifkin*, 245 N. Y. 260; *Matter of Flagler*, 248 N. Y. 415; *Boyd* v. *Boyd*, 252 N. Y. 422.) The open, notorious, uninterrupted and undisputed use of the road for the prescriptive period having been established, the presumption of a grant of a right of way becomes conclusive. (*Ward* v. *Warren*, 82 N. Y. 265; *Nicholls* v. *Wentworth*, 100 N. Y. 455; *Hey* v. *Collman*, 78 App. Div. 584; 180 N. Y. 560; *Colburn* v. *Marsh*, 68 Hun, 269; 144 N. Y. 657; *Winne* v. *Winne*, 95 App. Div. 48; *Hammond* v. *Zehner*, 21 N. Y. 118; *Pearsall* v. *Westcott*, 45 App. Div. 34; *Niesz* v. *Spencer*, 213 App. Div. 476; *Nellis* v. *Countryman*, 63 Misc. Rep. 564; *Bushey* v. *Santiff*, 86 Hun, 384; *Concklin* v. *N. Y. C. & H. R. R. R. Co.*, 149 App. Div. 739; *Mattes* v. *Frankel*, 65 Hun, 203; 157 N. Y. 603.)

*John A. Slade* for defendants, respondents and appellants. The physical description of the alleged road or highway as given by plaintiffs' own witnesses fails to show a road or highway in point of fact. (*Harriman* v. *Howe*, 78 Hun, 280; 155 N. Y. 683; *People ex rel. Cunningham* v. *Osborn*, 84 Hun, 441; 155 N. Y. 685.) Plaintiffs have failed to show a public road or highway by prescription. (*Harriman* v. *Howe*, 78 Hun, 280; 155 N. Y. 683; *Riley* v. *Brodie*, 22 Misc. Rep. 374; *People ex rel. Cunningham* v. *Osborn*, 84 Hun, 441; 155 N. Y. 685; *McCarthy* v. *L. S. & M. S. R. R.*, 76 N. Y. 592; *Johnson* v. *City of Niagara Falls*, 230 N. Y. 77; *Ricketson* v. *Village of Saranac Lake*, 73 Misc. Rep. 52; 151 App. Div. 911;

*Speir* v. *Town of Utrecht*, 121 N. Y. 420; *Fountaine* v. *Fuld & Hatch Knitting Co.*, 207 App. Div. 542; *Hamilton* v. *Village of Owego*, 42 App. Div. 312; 171 N. Y. 698.) The plaintiffs did not establish a private easement or right of way over the lands of the defendants. (*Hamilton* v. *White*, 5 N. Y. 9; *Moore* v. *Day*, 199 App. Div. 76; 235 N. Y. 554.) Plaintiffs failed to establish prescriptive rights to the use of defendants' lands. (*Moore* v. *Day*, 199 App. Div. 76; 235 N. Y. 554; *Sebring* v. *Fitzgerald*, 142 Misc. Rep. 474; *Van Overback* v. *Batsteer*, 191 N. Y. Supp. 49; *Bushey* v. *Santiff*, 86 Hun, 384; *Commonwealth Water Co.* v. *Brunner*, 175 App. Div. 153; *Prentice* v. *Geiger*, 74 N. Y. 341.)

RIPPEY, J. Both parties appeal to this court, each from a portion of a judgment of the Appellate Division, third department, which reversed in part and affirmed in part a judgment of the Supreme Court for Warren county. The Appellate Division set aside findings of fact made by the trial court and made new findings. It is the duty of this court to review the facts found by the courts below (*York Mortgage Corp.* v. *Clotar Construction Corp.*, 254 N. Y. 128), and to determine where the weight of the evidence lies (*McKee* v. *McKee*, 267 N. Y. 96, 100).

The parties here are the same as those in *Confer* v. *Pirman* (273 N. Y. 587), which was argued at the same time as this case, except that the position of the parties, as plaintiffs and defendants, is reversed. On October 23, 1850, Hougal Brown was the owner in fee of the southwest quarter of Great Lot 60 in Hyde township of the town of Warrensburg, Warren county, N. Y., in which is located Hutchins pond (now known as Forest lake), with the exception of a small portion of the lake which lies in the northwest quarter of Lot 60. In *Confer* v. *Pirman*, Confer and wife claimed to own the entire bed of Hutchins pond, and to have the right to the exclusive use of the waters thereof by virtue of a series of conveyances, all containing the same description, starting with a deed from Hougal

Brown and wife to Linas Wells, dated March 24, 1858, and recorded May 17, 1858. By that deed, there was conveyed to Wells all of the southwest quarter of Great Lot 60 in Hyde township, Warren county, N. Y., *excepting* and *reserving* all that part thereof as was described in a deed from Hougal Brown and wife to Edmund Morehouse, duly recorded October 25th, 1850, in Warren County Clerk's office in Book T of Deeds at page 75. The deed from Brown and wife to Morehouse passed title to all of the southwest quarter of Great Lot 60 lying on the east side of Hutchins pond and its outlet. It was held by the courts below in *Confer* v. *Pirman* that the description in the deed from Brown to Morehouse carried title to the center line of the pond and outlet and that Confer's title, running back to the deed from Brown to Wells, lay west of the center line thereof. The decisions of the lower courts have been unanimously affirmed by us, without opinion, on the authority of *White* v. *Knickerbocker Ice Co.* (254 N. Y. 152). In the case at bar, plaintiffs seek an injunction restraining interference by defendants with the unrestricted use by the former of the lake lying east of the center line thereof and of all of the southwest quarter of Lot 60 lying east of the lake. The issue of plaintiffs' title has been here brought into question. The courts below have held that plaintiffs are the owners and entitled to the exclusive possession and use of all of the southerly half of Great Lot 60 lying east of the center line of the lake and southeast from the outlet to the lands adjoining.

In the case at bar, the trial court found and its findings were not changed by the Appellate Division, that, in addition to the properties owned by the respective parties in Lot 60 above referred to, the plaintiffs are and have been since prior to January 1, 1934, the owners in fee and in possession of the northwest quarter of Great Lot 59, the northeast quarter of Great Lot 60, the north half of the northwest quarter of lot 60, the southwest quarter

of Great Lot 67 and the southeast quarter of Great Lot 67, containing about nine hundred acres, all in Hyde township, while the defendants owned and were in possession of the south one-half of the northwest quarter of Lot 60 and of that part of the southwest quarter of Lot 60 not owned by the plaintiffs; that during the spring of the year 1934, the plaintiffs, at a large expense, made improvements to their property of the character and to the end that it was and has since been used for the business of conducting a summer camp for girls; and that the defendants were using and occupying their premises as a camp for boys.

The evidence here satisfactorily establishes that defendant, Harold T. Confer, ordered plaintiffs' guests at their camp who were bathing in the lake to leave; that defendants have ridden on horse back over bridle paths on plaintiffs' property and taken their boy guests with them and thereby seriously interfered with such use of the bridal paths by the girl campers, that defendants have removed and destroyed and concealed signs on plaintiffs' property and have erected signs thereon and have cut and have otherwise injured trees. It is also undisputed that the defendants erected barriers in a roadway, the defendants claiming that the roadway in question was a private road and that the barriers were erected upon their property.

The question remaining to be settled is the character of the roadway and the right to its use, and upon a settlement of that question depends, to some extent, the right of defendants to erect the barriers in question. The trial court made findings of fact, numbered 5 to 23, inclusive, which had to do with the roadway in question and barriers thereon. In the conclusions of law, 1 to 6, inclusive, the trial court held, among other things, that the roadway was a public highway on its easterly and westerly ends and that plaintiffs had acquired an easement in the parts connecting the east and west ends by prescription. The Appellate Division set these find-

ings and conclusions of law aside and made four findings of its own.

It can serve no useful purpose here to outline in detail the testimony of the various witnesses at the trial or all of the evidence adduced. It is sufficient here to say that the findings of fact made by the trial court, numbered 5 to 23 inclusive, are not only sustained by the overwhelming weight of the evidence, but are, in some respects, based upon uncontradicted evidence or concessions, and that the four additional findings made by the Appellate Division are likewise sustained by the evidence. All are necessary for the purpose of arriving at what we believe to be the correct conclusion in this case. Each party called an engineer or surveyor and each made a map of the premises owned by the parties. The trial court adopted the Coulter survey (Exhibit 3) as correctly showing the lot lines and the general physical layout of the premises. This survey was based upon the original field notes made at the time the township was laid out and follows closely a survey by a third party made in 1919, and is based upon well-established land marks and is undoubtedly correct. We also adopt it as a correct map of the premises.

It appears that the parties are owners of adjoining premises in wooded and mountainous country. Through the property of the defendants on the west is a public highway known as the Spruce Mountain road, which connected with the Warrensburg-Chestertown road, and to the east of plaintiffs' properties is a public road known as Pucker street. Connecting these two public highways is a road or way which meanders through the properties of both parties and around the northerly end of Hutchins pond. It forms a short-cut across the mountains for general travel by those who may wish to pass between Pucker street and Spruce Mountain road. On its easterly end, where it connects with Pucker street, and on its westerly end, between Spruce Mountain road and Hutchins pond, it is improved and is a public road. The

part connecting the improved ends is not a public road. This connecting roadway is well marked, has been generally used by the parties and their predecessors in title and by the public generally for a period of more than sixty years and has been traversed by teams, wagons, fire-fighting equipment of the forest rangers and by pedestrians. On occasions, predecessors in title of the parties hereto and neighbors have worked the road, but, except for the ends above referred to, it is not a laid-out or dedicated highway of legal width nor has it been taken charge of by the public authorities or treated or regarded by them as a public highway. Under such conditions, it is not a public highway. (*Harriman* v. *Howe*, 28 N. Y. Supp. 858; *Spier* v. *Town of New Utrecht*, 121 N. Y. 420; *People* v. *Sutherland*, 252 N. Y. 86.)

Plaintiffs do not claim any easement in the roadway by grant. As a matter of fact and law, plaintiffs acquired no easement by prescription. Under ordinary circumstances, an open, notorious, uninterrupted and undisputed use of a right of way is presumed to be adverse under claim of right and casts the burden upon the owner of the servient tenement to show that the user was by license (*Hammond* v. *Zehner*, 21 N. Y. 118; *Colburn* v. *Marsh*, 68 Hun, 269; affd., 144 N. Y. 657), but where the use is not inconsistent with the rights of the owner and where the use is in connection with the use of the owner and the general public, in the absence of some decisive act on the part of the claimants indicating a use separate and exclusive from the general use, that presumption does not apply. (*Moore* v. *Day*, 199 App. Div. 76; 235 N. Y. 554; *Sebring* v. *Fitzgerald*, 142 Misc. Rep. 474). " Common use negatives the idea of a presumption in favor of an individual, and does not thereby establish a private way." (*Reid* v. *Garnett*, 101 Va. 47, 49.)

The trial court found that plaintiffs and their predecessors in title used this roadway across defendants' premises " under a claim of right." That expression is susceptible

of a meaning not warranted by the facts. We do not understand this to mean that such use under any such " claim of right " was exclusive or adverse. The record presents no evidence of adverse or exclusive use by plaintiffs. On the contrary, the undisputed testimony shows that the use was neither adverse nor exclusive by the general public or by plaintiffs or their predecessors in title. While its use by the public generally was open, notorious and uninterrupted for many years both as a matter of convenience and, on occasion, necessity, the roadway between those portions on each end which was adopted and improved by the public authorities was used only by the permission and implied consent of the owners of the properties through which the roadway extended. Plaintiffs' enjoyment was merely permissive without title either in law or equity. (*Wiseman* v. *Lucksinger*, 84 N. Y. 31; *Moore* v. *Day, supra*; *Van Overbeek* v. *Batsleer*; 199 N. Y. Supp. 49; Angell & Durfee on The Law of Highways [2d ed., 1868], § 151.) Even though the general public may have acquired an easement in gross, a matter we do not decide, plaintiffs could not have succeeded to their rights. (*Moore* v. *Day, supra*.)

Shortly after the commencement of the action of *Confer* v. *Pirman*, Confer erected two barriers across the roadway. Based upon Coulter's survey, which we have adopted, these barriers were placed upon plaintiffs' land. Confer was unauthorized to erect the barriers.

The judgment of the Appellate Division and that of the Special Term should be modified so as to enjoin defendants from the use of plaintiffs' property, and, as so modified, should be affirmed, with costs in this court and in the Appellate Division to the plaintiffs.

CRANE, Ch. J., LEHMAN, O'BRIEN, LOUGHRAN and FINCH, JJ., concur; HUBBS, J., taking no part.

Judgment accordingly.