ANNA NORWICK, Plaintiff, v. MORRIS EDELMAN et al., Defendants.

Supreme Court, Special Term, Bronx County, November 13, 1953.

*Benjamin Burrows* for plaintiff.

*Kenneth Levine* for defendants.

HAMMER, J. This is an action to establish an easement and to compel the removal of a fence erected by the defendants on October 17, 1952, across the path of said easement.

The plaintiff and defendants are the owners of adjoining parcels of real property, each consisting of a two-family dwelling house, with a three-car garage in the rear portion of each house. There is in existence a common driveway easement, of record, between the lateral walls of the respective houses of the parties, measuring approximately seven feet in width and extending on an imaginary line in continuation of each of said lateral walls for a distance of twenty feet beyond

the rear of the two buildings. Although this easement of record extends only twenty feet beyond the rear walls of the respective buildings, the distance from the rear of the buildings and the rear boundary line of the properties is about thirty-one feet. While no objection has been directly raised as to the use of these additional eleven feet as a common driveway, the reason is clear. It is apparent that automobiles could not be maneuvered or turned from the record easement or driveway into or out of the garages of either property owner within the given twenty feet dimension and the very purpose in creating the easement would be defeated. The owners thereupon and ever since, by using the entire seven-foot width back to the rear line of their respective properties, extended the driveway easement by practical construction the additional eleven feet in depth. The defendants gave recognition to this by the fact that although they acted in hostility to plaintiff in erecting their pipe railing along the southerly line of the easement, they constructed such railing from the northeasterly corner of their own building to their own rear lot line for the above distance of thirty-one feet. As this evidence came into the record without objection, the pleadings will be deemed amended to conform to such proof.

The plaintiff contends that since July 27, 1923, she and her predecessor in title, as well as the defendants' predecessors in title, had uninterrupted use of so much of each other's rear yards as was necessary to permit an automobile safely to enter the respective garages of the parties after leaving the common driveway easement of record; that this common privilege was an enlargement of the easement of record and was permitted and indulged in without question; that after the defendants acquired title to their property on September 22, 1950, and more particularly on October 17, 1952, the defendants committed an overt act to interrupt the said privilege by erecting a fence, on their own property, so as to prevent an automobile, going in and out of plaintiff's garage, to pass over defendants' back yard to maneuver the same onto and off the common driveway. Plaintiff thereupon brought this action to compel the removal of said fence and to establish her right to go into defendants' back yard which she claims to have acquired by prescription by adverse use.

The record is clear, however, and the plaintiff so testified, that the said use was with the knowledge, consent, approval and agreement of the plaintiff and the defendants' predecessors in title; that there never was any interference with, nor damage

or injury to defendants' property and that the erection of the fence by the defendants has merely resulted in inconvenience to the plaintiff. Moreover, this use of defendants' property by the plaintiff consisted of "edging" over the easement of record, for a distance of about four feet, while maneuvering automobiles out of the rear of the premises through the common driveway of record and, occasionally, the plaintiff would cross the entire rear yard of defendants' property to approach and use a wider alleyway on another neighbor's property.

It is well-settled that not every use of another's land gives rise to an easement. It must also appear that the use was adverse, open and notorious, continuous and uninterrupted for the prescriptive period. (*Di Leo* v. *Pecksto Holding Corp.,* 304 N. Y. 505; *Wiseman* v. *Lucksinger,* 84 N. Y. 31; *Hammond* v. *Zehner,* 21 N. Y. 118; *O'Shea* v. *Freiberg,* 279 App. Div. 760; *Moore* v. *Day,* 199 App. Div. 76, affd. 235 N. Y. 554.)

Moreover, where the owner of land uses a roadway or part of his property for his own purposes and convenience, the mere use thereof by another, under circumstances which do not injure the owner's property or interfere with his use of it, will not in the absence of circumstances indicating a claim of right be considered as adverse, and will not ripen into a prescriptive right no matter how long continued. Such a user, granted as a matter of neighborly accommodation, cannot spell out or form the basis of a permanent right. (*Pirman* v. *Confer,* 273 N. Y. 357; *Kneller* v. *Lang,* 137 N. Y. 589; *Heller* v. *Cohen,* 154 N. Y. 299; *Lewis* v. *New York & H. R. R. Co.,* 162 N. Y. 202; *Van Overbeek* v. *Batsleer,* 191 N. Y. S. 49; *Sebring* v. *Fitzgerald,* 142 Misc. 474; *Cobb* v. *Avery,* 75 N. Y. S. 2d 803; *O'Shea* v. *Freiberg,* 279 App. Div. 760; *Moore* v. *Day,* 199 App. Div. 76, affd. 235 N. Y. 554.)

The proof in this case is crystal clear that plaintiff's use of a portion of defendants' back yard was neither adverse nor under a claim of right, but that it was with the knowledge, consent, approval and agreement of defendants' predecessors in title. Under the above facts, the plaintiff could not obtain an easement or prescriptive right over defendants' property south of the easement line established by the respective conveyances.

To the extent indicated I find and decide that the easement is from the front lot line of the respective parties over the land between the walls of their buildings (i.e., the north wall of the one and the south wall of the other,) about seven feet

wide, and extends in depth to the rear line of their respective properties.

In all other respects I find and decide in favor of the defendants.

This statement contains all the facts necessary to the determination of the issues herein and constitutes the decision of the court. No costs.

Submit judgment on notice.