GEORGE H. MORROW et al., Plaintiffs, *v.* JACOB L. GERBER et al., Defendants.

Supreme Court, Equity Term, Monroe County, April 1, 1955.

*Charles E. Strobel* and *Frederick J. Mix* for plaintiffs.

*Jack Harrison* and *Charles P. Maloney* for Jacob L. Gerber and another, defendants.

*Robert M. Schantz* for Marion M. Sellmayer, defendant.

ROBERTS, J.  The Windsor Beach Park Tract is situate on the shore of Lake Ontario in the town of Irondequoit, Monroe County, New York.  The plaintiffs in this action are the owners of various lots located in said tract.  The defendants are owners of certain lake front lots in said tract.  The action was originally brought against the defendants Gerber to enjoin them from interfering with a claimed right of way across their property and to compel them to remove a barrier constructed by them across such claimed right of way.  Defendant Sellmayer was thereafter permitted to intervene as a defendant in the action.

From the year 1883 to the year 1929, the property comprising the Windsor Beach Park Tract was owned by the New York Central Railroad and its predecessors in title.  The property had been leased to the Rochester Transit Corporation or its predecessors in title, which corporation sublet or granted licenses to various persons to occupy lots on said property, which lots were used generally for the purpose of summer residences.  In 1929, title to the property was transferred to Glen Haven Realty Co. Inc., which corporation caused a map of said tract to be filed and thereafter sold the lots to various purchasers for residence purposes.

The map as filed showed the tract bounded on the north and east by Lake Ontario, on the south by Wabash Avenue, now known as Rock Beach Road, and on the west by Jefferson Avenue. Two streets, Harrison Avenue and Lincoln Avenue, now known as Toan Terrace, were shown on said map running north and south through the tract from Wabash Avenue on the south to Lake Ontario on the north.  The defendants Gerber are owners of lot 34 and the defendant Sellmayer the owner of lots 35 and 36, which three lots are the lake front lots between Harrison Avenue on the west and Toan Terrace on the east.  There is a precipitous bank north of these and the other lake front lots descending down to the lake and beach.  The beach is suitable for bathing from about the foot of Harrison Avenue westerly but not at the foot of Toan Terrace.  A stairway had been constructed at Harrison Avenue to reach the beach but there was no stairway at Toan Terrace.  For upwards of fifty years a path has extended along the top of this bank and across the lake front lots now owned by the defendants.  This path, where it crossed defendants' lots, was in continuous use until the year 1954, by the residents of this tract and others in the neighborhood.  It was used for many purposes including that of reaching the beach by means of the stairway at the foot of Harrison Avenue.  In

1954, the defendants Gerber erected a barricade across this path as a result of which the present action was brought.

The various plaintiffs claim an easement in this path crossing the lots of the defendants. Plaintiffs base their claim upon (1) an implied easement, and (2) a prescriptive right.

The claim of an implied easement is based upon the well-recognized rule that such easement is created where (1) the estates presently resting in the hands of different owners were formerly in one ownership; (2) while so held in one estate a use was created which made a part of the land subordinate or sub-servient to another or which created a reciprocal subordination; (3) the use was plainly and physically apparent; (4) it·was necessary to the reasonable use of the estate. (*Jacobson* v. *Luzon Lbr. Co.,* 192 Misc. 183, affd. 276 App. Div. 787, affd. 300 N. Y. 697; *Heyman* v. *Biggs,* 223 N. Y. 118; *Paine* v. *Chandler,* 134 N. Y. 385; *Lampman* v. *Milks,* 21 N. Y. 505; *Sullivan* v. *Munger,* 281 App. Div. 791; *Crawford* v. *Lesco,* 207 Misc. 93.)

The grant of an implied easement, however, depends upon the intention of the parties and in construing the grant and deter-mining the intention the court will take into consideration all of the surrounding circumstances. (*Matter of City of N. Y.* [*Northern Blvd.*], 258 N. Y. 136, 147–148; *Matter of Brook Ave.,* 40 App. Div. 519, 522, affd. 161 N. Y. 622; *Miller* v. *Edmore Homes Corp.,* 285 App. Div. 837; 28 C. J. S., *Easements,* § 30.) When Glen Haven Realty Co. Inc. sold off the lots in the tract commencing in 1929, each purchaser was given a receipt which provided in part as follows: " It is distinctly understood and agreed that the purchaser of said lot agrees to take the same subject to all easements and restrictions, now affecting said lot or the tract of which it is a part  *  *  *  and expressly subject to the several rights of way, lanes, driveways and/or highways *as they may be specified in Deed* in and over said lot and in and about said tract of which said lot is a part." (Emphasis sup-plied.) In the original deeds to lots 34, 35 and 36 (the lots now owned by the defendants) the grantees covenanted with and conveyed to other owners " the right to use in common for bathing the beach fronting upon the property hereby conveyed ". Lot 36 (one of the Sellmayer lots) is bounded on the east by Lincoln Avenue, now Toan Terrace. In the deed to this lot the grantee covenanted and agreed that " the private road shown on said map as Lincoln Avenue may be used by other owners and occupants of the lands shown on said map and by the respective grantees of the party of the first part as a means of ingress to and egress from the beach as distinguished on said map ". Lot

34 (the Gerber lot) is bounded on the west by Harrison Avenue. The deed to this lot contained a similar covenant on the part of the grantee as to the use of Harrison Avenue as a means of ingress to and egress from the beach. Thus, right of access to the beach was expressly provided both at the foot of Toan Terrace and Harrison Avenue.

In addition to Harrison Avenue and Lincoln Avenue, now Toan Terrace, shown on said map, there were lanes twenty feet in width in the rear of the lots fronting upon these two streets. The original deeds to the lots fronting upon these streets reserved the right to use these lanes to the owners and occupants of the lots abutting thereon, and the grantees in said deeds further covenanted that the private roads " may be used by the other owners and occupants of lands shown on said map and by the respective grantees of the party of the first part as a means of ingress to and egress from the beach as distinguished on said map ". Thus, the deeds carefully defined the easements of the various property owners in and to the streets and lanes and provided them with access to the beach by means of both Harrison Avenue and Toan Terrace. Nowhere in any of the deeds is there a reference to an easement in a path along the top of the bank crossing the various lake front lots. The terms of the original receipts given to the purchasers of the lots, followed by the various deeds in which the grant of easements is certain and unambiguous and so carefully worked out to protect the rights of the various property owners, clearly evidences the intent of the parties. Under such circumstances no intent may be implied with reference to some other easement not set forth in the grants. (*Miller* v. *Edmore Homes Corp.,* 285 App. Div. 837, *supra,* and cases cited.)

An easement will be implied and pass as an appurtenance only when necessary to a reasonable use and enjoyment of the estate conveyed. Mere convenience is not sufficient either to create or to convey such easement. (*Paine* v. *Chandler,* 134 N. Y. 385, 389, *supra*; *Heyman* v. *Biggs,* 223 N. Y. 118, 125–126, *supra*; *357 E. 76th St. Corp.* v. *Knickerbocker Ice Co.,* 263 N. Y. 63, 66; *Ogden* v. *Jennings,* 62 N. Y. 526, 531; *Root* v. *Conkling,* 199 App. Div. 90, 94.) The use of the path across defendants' property was undoubtedly a matter of convenience to certain of the plaintiffs but the court is unable to find that such use was necessary for the reasonable enjoyment of their property.

The use of the portion of the path east of Toan Terrace ceased a number of years ago by reason of fences erected across the same by various property owners. Thus, those plaintiffs living

on the lake front east of Toan Terrace could no longer use the path to reach their property but had access to it through Rock Beach Road. They could reach Summerville Boulevard to the west directly by said road and could reach the bathing beach by way of Harrison Avenue and the stairway at the end thereof. It is doubtful even if the path across defendants' lots would serve the convenience of these plaintiffs. Those plaintiffs residing on Harrison Avenue could reach the beach directly by the stairway located there and it is doubtful if their convenience would be served by the use of the path. Those plaintiffs residing on Toan Terrace have a right of way to the beach at the foot of that street and can use the same if they erect a stairway at that point. In the absence of such a stairway it is no doubt a convenience for them to use the path across defendants' lots. However, they now have ready access to the beach by way of Rock Beach Road and Harrison Avenue and have ready access to Summerville Boulevard and points west by the use of Rock Beach Road. The fact that such plaintiffs have to walk a short distance farther in order to reach the beach by way of Harrison Avenue is solely a matter of inconvenience. It cannot be said that the path was so necessary to the reasonable use of any of the plaintiffs' property as to give rise to an implied easement.

Prior to 1929, title to all of the land comprising the present Windsor Beach Park Tract was in a common ownership and hence no prescriptive rights could accrue. Plaintiffs claim, however, that since 1929, when lots were sold to individual owners and until 1954, a period of more than fifteen years, the path across defendants' lots was in continued and uninterrupted use and hence that an easement by prescription arises.

The essential elements necessary to constitute adverse possession are that such possession, first, must be hostile and under claim of right; second, it must be actual; third, it must be open and notorious; fourth, it must be exclusive; fifth, it must be continuous. (*Belotti* v. *Bickhardt,* 228 N. Y. 296, 302; *Moore* v. *Day,* 199 App. Div. 76, affd. 235 N. Y. 554.)

The testimony is clear that the possession and use of the path by plaintiffs was not exclusive. The path, as it crosses defendants' lots, has no terminus on the property of any of the plaintiffs and is in no way necessary for ingress or egress to any such property. Its eastern terminus is at Toan Terrace and its western terminus at Harrison Avenue, two streets in which the various plaintiffs have merely an easement of passage. As already indicated, the path existed for many years prior to 1929. It was well defined and in common usage by all in the neighbor-

hood. After 1929, the use of the path east of Toan Terrace was, as has been stated, terminated by the erection of various fences. The use of the path west of Toan Terrace and across defendants' property continued but such use was not confined to the plaintiffs alone. Indeed the plaintiffs allege in paragraph Ninth of the complaint that the path has been used not only by plaintiffs but by " other owners of lots in said tract, and by the owners of lots in adjoining tracts, their guests and invitees ". It was used by the defendants and their predecessors and generally by owners, tenants and guests not only of the Windsor Beach Park Tract but also of the surrounding tracts. It was a public use so far as all those residing in the neighborhood were concerned. In such a situation plaintiffs must show a use separate and distinct from the general use. The right of the dominant tenement does not depend upon the existence of a like right in others. (*Moore* v. *Day,* 199 App. Div. 76, 85–87, affd. 235 N. Y. 554, *supra*; 28 C. J. S., Easements, § 15.) There is here a total absence of any proof indicating that the use of this path by the various plaintiffs was a use separate and exclusive from the general use made of the same path by the defendants and their predecessors and by all of those in the neighborhood.

Likewise the proof fails to show that the use by plaintiffs was adverse and under claim of right. Ordinarily, the open and uninterrupted use of a right of way is presumed to be adverse under a claim of right and casts the burden upon the owner of the servient tenement to show that such use was by license. (*Di Leo* v. *Pecksto Holding Corp.,* 304 N. Y. 505, 512.) Such presumption, however, does not apply where such use is in connection with the use by the owner and the general public in the absence of some decisive act on the part of the plaintiffs indicating a use separate and exclusive from the general use. (*Pirman* v. *Confer,* 273 N. Y. 357, 363.) In Powell on Real Property (Vol. 3, p. 447), the author points out that the presumption of adversity does not exist in certain situations. One of these is " when the established user by the claimant is not exclusive, that is, does not rest upon an independent foundation. If the claimant is only one of two, or several, or many, who make the user in question, it is perhaps, inferrable that all of these uses are permissive. In such a case the claimant must affirmatively prove the adverse character of his behavior." There being no proof here that the use of the plaintiffs was separate and exclusive from the general use made of the path, the plaintiffs cannot avail themselves of the presumption that their use was adverse and under claim of right. Plaintiffs having offered no proof that their use of the

path was adverse and under claim of right, and being unable to rely upon the presumption, the proof fails to establish that adversity of use which is necessary to create an easement by prescription.

The plaintiffs never exercised any dominion or control over the path, they never maintained or improved it, they simply used it as did all their neighbors. The willingness of one neighbor to accord other neighbors the privilege of crossing his lot as a matter of convenience does not ripen into an adverse right sufficient to establish a right of way. (*Berke* v. *Lang*, 202 Misc. 1108, 1111, and cases cited.)

Defendants are entitled to judgment dismissing the amended complaint upon the merits, with costs.