BOARD OF THE BLACK RIVER REGULATING DISTRICT, Appellant, v. ADIRONDACK LEAGUE CLUB, Respondent.— Judgment affirmed, without costs of this appeal to either party. Memorandum: We think the decision in the former action (*Black Riv. Regulating Dist.* v. *Adirondack League Club,* 307 N. Y. 475), requires us to affirm the judgment dismissing the complaint. In that decision the court said (p. 489): " The plaintiffs * * * are effectively barred from maintaining condemnation proceedings." We are bound by that decision. All concur. (Appeal from a judgment of Jefferson Special Term, dismissing the proceeding to condemn real property belonging to defendant for the purpose of construction and maintenance of the Panther Mountain Reservoir.) Present — McCurn, P. J., Vaughan, Piper, Wheeler and Van Duser, JJ.

■

SAMUEL RIBYAT et al., Appellants-Respondents, v. MOHAWK VALLEY BARBER & BEAUTY SUPPLY CO., INC., et al., Respondents-Appellants.— Judgment modified, on the law and facts in accordance with the memorandum and, as modified, affirmed, with costs to plaintiffs. Certain findings of fact disapproved and reversed and new findings made. Memorandum: In our judgment, the defendants-respondents-appellants have failed to establish an easement by prescription in the driveway involved here. Their use of it has not been adverse or hostile. There is no evidence of actual adverseness, nor any claim of right. Nor under the facts, as disclosed by the evidence, is there any presumption of any adverse claim. (*Moore* v. *Day,* 199 App. Div. 76, 87, affd. 235 N. Y. 554; *Pirman* v. *Confer,* 273 N. Y. 357, 363; *Di Leo* v. *Pecksto Holding Corp.,* 304 N. Y. 505, 512; *Wood* v. *Reed,* 30 N. Y. S. 112; *Cobb* v. *Avery,* 75 N. Y. S. 2d 803, 806; *Norwick* v. *Edelman,* 204 Misc. 915, 917; *Sebring* v. *Fitzgerald,* 142 Misc. 474; *Anthony* v. *Kennard Bldg. Co.,* 188 Mo. 704.) The judgment should be modified: (1) To eliminate therefrom the determinations therein: (a) That defendants or either of them own an easement by prescription in the driveway; (b) That defendants or either of them may park trucks or other vehicles in the driveway; and (c) That the defendants may use the driveway; (2) To declare and determine that defendants have no right, title or interest in or to the driveway or any part thereof; and (3) enjoining and restraining the defendants, their agents, servants and employees, and all persons acting in privity and concert with them, from entering upon or using the driveway or any part thereof, and from interfering with the use thereof by plaintiffs, their employees and customers in any manner; and, as so modified, the judgment should be affirmed. All concur. (Cross appeals from a judgment of Oneida Equity Term adjudging that defendant Murphy owns an easement by prescription in the driveway in question, but limiting the use of the driveway to use for premises owned by Murphy and fronting on First St.) Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ.

■

THOMAS L. GROVER et al., Appellants, v. CARMEN AIR CONDITIONING CORP., Defendant, and MARINE MIDLAND TRUST COMPANY OF CENTRAL NEW YORK, Respondent.— Judgment affirmed, with costs. All concur. (Appeal from a judgment of Onondaga Special Term dismissing the complaint as to defendant Marine Midland Trust Company and awarding judgment in favor of said defendant on its counterclaim, in an action to cancel a conditional contract of sale.) Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ.