Vincent A. Lupiano, J.
In this action the plaintiff demands judgment against defendants Empire State Building Corporation and RKO General, Inc. (no affirmative relief is sought against the defendant Metropolitan Broadcasting Corporation, a necessary party to the instant action), as follows:
‘ ‘ 1. Adjudging and declaring that the installation and maintenance of said antenna is a private nuisance and deprives plaintiff of his easement of light, air and view, and
‘ ‘ 2. Directing defendants and each of them to remove or cause the removal of said antenna and enjoining defendants from otherwise interfering with plaintiff’s light and view; and 1 ‘ 3. Awarding to plaintiff such damages as plaintiff has sustained and will continue to sustain by reason of defendants’ acts.”
This equity action was tried without a jury. At the trial the defendant, RKO General, Inc., was permitted to plead, as an affirmative defense, justification for the acts complained of. The court, at the request and on consent of the parties, visited the location of the premises and personally observed the condition involved herein.
Plaintiff is the occupant, as a sublessee of a suite of rooms (rooms 8201, 8202, part of 8203 and 8218) on the 82nd floor of the Empire State Building; the written sublease commenced on March 1,1957, and continues through April 30,1964. Defendant Metropolitan Broadcasting Corporation (hereinafter called Metropolitan) is plaintiff’s present sublessor, the original sub-lessor was Dumont Broadcasting Corporation (hereinafter referred to as Dumont), Metropolitan’s predecessor in interest. Defendant Empire State Building Corporation (hereinafter referred to as Empire) is the fee owner and prime landlord of the “Empire State Building”. Empire consented in writing to the sublease between plaintiff and Dumont. Defendant RKO General Inc. (hereinafter referred to as RKO), is the lessee of a suite of rooms (rooms 8300 and 8301) on the 83rd floor of the Empire State Building.
On or about February 23, 1960 there was erected a vertically mounted tubular metal receiving and transmitting antenna, 1.9 inches in diameter (known as a Cue Antenna), attached to the parapet wall at the southeast corner of the 81st floor setback of the Empire State Building, which antenna extended up into the air above the parapet to the 82nd floor directly in front of the focal center window of the bay of windows (consisting of three windows) constituting the southeast corner of plaintiff’s executive office at a distance approximately 20 feet from said window; said antenna was erected by RKO with the consent *667 of Empire, but without the consent of the plaintiff. Prior to the erection of said antenna, no object of any kind was attached to said portion of the parapet wall and plaintiff’s panoramic and scenic view was in no way obstructed; thereafter, plaintiff demanded that defendants Empire State and BKO remove same; they refused. It is admitted that nothing contained in the plaintiff’s sublease or the prime lease expressly grants an easement of light, air and view.
Plaintiff alleges that 1‘ the said antenna materially obscures, spoils and obstructs the light and scenic view from the windows of plaintiff’s executive office and materially impairs the purpose for which plaintiff rented said premises, and deprives plaintiff of much of the use and enjoyment of the view from plaintiff’s premises and deprives plaintiff of his easement of light, air and view, and causes plaintiff humiliation and loss of business opportunity and materially diminishes the value of plaintiff’s leasehold”. He further alleges that “a primary and material consideration for plaintiff’s entering into the sublease * * * was the clear and unobstructed scenic view and the abundance of light enjoyable from the easterly, southerly and corner window exposure afforded by rooms 8201, 8202 and part of 8203, and 8218 on the 82nd floor of the Empire State Building ”; plaintiff testified thereto.
An expert called in behalf of the plaintiff stated, after describing the function and use of this antenna, that this “ cue ” antenna could be relocated with a minimal or no appreciable loss of its effectiveness. However, he had made no field tests, although he indicated that field tests were important.
On behalf of the defendant BKO, an expert testified that he had conducted preliminary field tests, supervised the erection of this antenna and found that the present site was the optimum location under the circumstances for which this antenna could be used. The purpose, among others, in adopting the present location for this antenna was to improve BKO’s broadcast services to the public through better reception and transmission of short-wave radio signals to and from WOB’s mobile and air-borne transmitting and receiving units. Following a license to conduct short-wave broadcasts at a higher frequency of 450 megacycles, such frequency increased the need for ‘ ‘ line of sight ’ ’ operations, meaning that the antenna should be visible to the tranmitting or receiving unit. Another witness, Mr. Leder, called for the defense testified that he was employed by defendant BKO as vice-president and general manager of the WOB division. He is also chairman of State Industry Advisory Committee, which is a group connected with all emergency *668 communication for the Federal Government and State of New York in the general metropolitan area. Mr. Leder is Deputy Director of Emergency Communications for the New York Civil Defense Commission. He testified that this antenna was also intended to be used, and is being used, in the emergency communications network known as ‘ ‘ Conelrad ’ ’; such system being vital to our national safety and defense.
There was no express covenant or grant of an easement for light, air or view. That being the case, the plaintiff must rely on an easement arising from implication.
It has been stated that “ ‘ if one grants a house having windows looking out over vacant land, whether his own or otherwise, he does not grant therewith any easement of light and air, unless it be by express terms; it never passes by implication ’ ” (De Baun v. Moore, 32 App. Div. 397, 398, affd. 167 N. Y. 598). In contradiction, plaintiff strongly urges the case of Doyle v. Lord (64 N. Y. 432). However, the court there, while sustaining an implied easement of light and air under the special circumstances of that case, sustained the general rule against the implication of easements of light and air (see Pica v. Cross County Constr. Corp., 259 App. Div. 128). Such special circumstances are not present here.
It would seem, therefore, that an easement of light and air may he implied if found to be strictly necessary to the beneficial use of the premises hired and if clearly shown to he the intention of the parties. Accordingly, ‘ ‘ An easement will be implied and pass as an appurtenance only when necessary to a reasonable use and enjoyment of the estate conveyed. Mere convenience is not sufficient either to create or to convey such easement ” (Morrow v. Gerber, 207 Misc. 597, 601). For the sake of present argument, the court will place an easement of view within the same category of an easement of light and air. Assuming that status, the record evidence and the court’s own observation reveal no loss of light and air, and no more than minimal consequence with regard to view, and then only under limited and restricted circumstances. There has been no convincing showing that the removal of the antenna is essentially necessary for the full use and enjoyment of the demised premises and that but for this unobstructed “ panoramic view ” afforded the plaintiff, he would not have entered into the existing tenancy. Accordingly, an implied easement, as claimed, cannot and' is not found. These findings, alone, are sufficient to deny plaintiff relief. Moreover, the court further finds that plaintiff has suffered no loss in the value of the leasehold; therefore, if *669 the court had found an easement, the effect of its infringement would be de minimis.
Plaintiff has failed to establish his cause of action. Accordingly, judgment may be entered in favor of the defendants dismissing the complaint, without costs.