GERALD A. PECK et al., Respondents, *v.* STATE OF NEW YORK, Appellant.

Fourth Department, February 15, 1962.

444

*Louis J. Lefkowitz, Attorney-General* (*Julius L. Sackman* and *Paxton Blair* of counsel), for appellant.

*Stephen P. Morris* and *Ira H. Morris* for respondents.

BASTOW, J. The State appeals from a judgment awarding claimants $4,000. The award was based upon findings of the trial court that claimants and their predecessors in title had acquired an easement by prescription in the thoroughfare known as Meyer Place in the City of Rochester. It was further found that this was a private roadway which abutted the rear line of claimants' premises.

The origin of this thoroughfare was not established upon the trial. It appears, however, from one exhibit received in evidence that in 1888 a map was filed in the County Clerk's office. This had been made in 1887 for one Philip Meyer and showed Meyer Place (there described as " Meyer Park ") and the surrounding area. The thoroughfare was T-shaped. The base of the T ran back some 100 feet from Broadway and, according to the appropriation map, the top of the T was some 200 feet long and 45 feet wide. The proof established that at the northerly end of the thoroughfare there had been at one time an access route to the Erie Canal which was to the west of Meyer Place.

It is conceded that the thoroughfare was never dedicated to the city. It was used, however, as a public thoroughfare. The city in former years sprinkled and oiled the dirt road in the Summer and plowed the snow in the Winter. Street lights and cement sidewalks had been installed. One of the immediate predecessors in title to claimants, who was 80 years of age at

the time of the trial, testified that when he was a boy Meyer Place was used as a boatyard where canal boats were built and launched in the Erie Canal.

We are met at the threshold of the appeal by the contention of the State that the Court of Claims does not have jurisdiction to decide claimants' asserted right to an easement by prescription which is allegedly adverse to the rights of other private persons. It is suggested that such rights, if any, of claimants should have been first established in Supreme Court in an action brought under article 15 of the Real Property Law. Presumably, thereafter the amount of claimants' damage, if any, by reason of the taking of the prescriptive right by the State could have been established in the Court of Claims.

Upon the facts here presented we conclude that this contention has no validity. It appears that in 1958, or earlier, the State undertook the construction of an expressway west of the premises in question. What had once been the bed of the Erie Canal was so used. At that time there were some 16 reputed owners whose properties adjoined Meyer Place. The State appropriated all of the top of the T forming this thoroughfare and the strip of land running to the old canal bed. In addition it appropriated all of the properties on the west side of the T forming Meyer Place and apparently the properties on the north and south sides of the strip running to the canal. Thus, title to all of Meyer Place except the base of the T extending from Broadway and dead-ending in a wire fence surrounding the expressway is now vested in the State.

It would be an empty gesture to compel claimants to bring an action in Supreme Court to compel the determination of a claim to real property. The interests of those against whom such claim might be asserted have long since vested in the State. In other words the portion of the thoroughfare adjoining claimants' property has disappeared and has become part of the expressway. The portion of Meyer Place remaining does not adjoin claimants' property and their prescriptive rights therein, if any, are vague if not actually nonexistent. Subdivision 2 of section 9 of the Court of Claims Act confers jurisdiction upon that court to hear and determine a claim for the appropriation of any interest in real property. Upon the facts here presented the court properly assumed jurisdiction.

We find merit, however, to the contention of the State that the trial court erred in finding that claimants had established an easement by prescription in Meyer Place because the use thereof by claimants and predecessors in title was not adverse. Appellant relies on the rule that any use of premises in common

with the general public is not exclusive and will not ripen into title or an easement by adverse possession or prescription. (2 N. Y. Jur., Adverse Possession, § 52; 1 Am. Jur., Adverse Possession, § 146; 2 C. J. S., Adverse Possession, § 49.)

In considering the problem the basic distinction between adverse possession of realty and the acquisition of easement rights by prescription should be kept in mind. The former, in this State, is governed by statute (Civ. Prac. Act, §§ 34–42). Without exploring the history of the development of the law relating to the adverse use of land, it is sufficient to state that in this country the courts have applied to prescription, by analogy, statutes enacted for the purpose of protecting a long-continued possession. (2 American Law Property, §§ 8.45 to 8.52; *Klin Co.* v. *New York R. T. Corp.*, 271 N. Y. 376; *Di Leo* v. *Pecksto Holding Corp.*, 304 N. Y. 505, 510.)

" An easement [by prescription] is created by such use of land, for the period of prescription, as would be privileged if an easement existed, provided the use is (a) adverse, and (b) for the period of prescription, continuous and uninterrupted." (Restatement, Property, § 457.) Professor Powell in discussing this statement has written as follows: " The satisfaction of the above stated prerequisites for ' adversity,' namely, that the user has been not made in subordination to the rights of the claimed servient owner, but, rather, has been made under claim of right is commonly inferred, rather than directly proved. Thus proof that a particular use of another's land has in fact occurred normally justifies, in most states, a finding that the use has been adverse until this presumption is challenged by rebutting evidence." (3 Powell, Real Property, § 413, p. 445.) He goes on, however, to point out that there are three special situations where this presumption of adversity is inapplicable. The third of these is the one with which we are concerned and we quote his language: " The third of these three situations exists when the established user by the claimant is not exclusive, that is, does not rest upon an independent foundation. If the claimant is only one of two, or several, or many, who make the user in question, it is perhaps, inferrable that all of these uses are permissive. In such a case the claimant must affirmatively prove the adverse character of his behavior. All three of the above described situations contain abnormalities, which justify an elimination of the presumption that long continued use is ' adverse ' use." (*Id.* § 413, p. 447.)

This rule has been followed consistently in this State. (*Pirman* v. *Confer*, 273 N. Y. 357; *Di Leo* v. *Pecksto Holding Corp., supra,* p. 512; *Ribyat* v. *Mohawk Val. Barber & Beauty Supply*

*Co.*, 285 App. Div. 1115; *Morrow* v. *Gerber*, 207 Misc. 597; Ann. 111 A. L. R. 221; Ann. 170 A. L. R. 776.) In the *Pirman* case (*supra*) the court was considering the acquisition of prescriptive rights in a nondedicated road that had been used by the parties and their predecessors and the public generally for more than 60 years. In holding that plaintiffs acquired no easement by prescription it was said (p. 364): "The record presents no evidence of adverse or exclusive use by plaintiffs. On the contrary, the undisputed testimony shows that the use was neither adverse nor exclusive by the general public or by plaintiffs or their predecessors in title. While its use by the public generally was open, notorious and uninterrupted for many years both as a matter of convenience and, on occasion, necessity, the roadway between those portions on each end which was adopted and improved by the public authorities was used only by the permission and implied consent of the owners of the properties through which the roadway extended. Plaintiffs' enjoyment was merely permissive without title either in law or equity. [Citing authorities.] Even though the general public may have acquired an easement in gross, a matter we do not decide, plaintiffs could not have succeeded to their rights."

It follows that the finding of the trial court that claimants acquired an easement by prescription must be reversed. Thereby the basis of the award is destroyed. We conclude, however, that claimants are entitled to a new trial. Their formal claim is not limited to an easement by prescription but alleges a right of ingress and egress from the rear of their property to former Meyer Place. We do not undertake to decide whether or not claimants are entitled to an award on any other or different theory. This is necessarily so because of the paucity of proof in the present record.

The rights, if any, of claimants were appropriated pursuant to section 30 of the Highway Law. Subdivision 14 thereof states that "The owner of any property, easements, interests or rights appropriated" may seek damages in the Court of Claims. Subdivision 2 of section 29 of the same law defines "property" to include, among other things, all interests less than full title "such as easements, permanent or temporary, rights of way, uses, leases, licenses and all other incorporeal hereditaments and every estate, interest or right legal or equitable." (Cf. *Whitmier & Ferris Co.* v. *State of New York*, 12 A D 2d 165; see generally, 2 Nichols, Eminent Domain [3d ed.], § 5.72; Jahr, Eminent Domain, § 160; Davison, Claims Against State of New York, §§ 39.09–39.11.)

It appears herein that originally there was a two-story frame building fronting on the Broadway property now owned by claimants. About 1890 the then owner moved this building to the rear of the lot and constructed a two-story brick building on the vacated front of the lot. The two buildings are detached from each other. There are now a total of seven living apartments in the two buildings. The findings in rather ambiguous language state that the easement " afforded private rear access to claimants' property."

We reiterate our previous statement that we have not decided that claimants are entitled to an award on any theory. Upon the present trial the attention of claimants was centered upon the establishment of a prescriptive easement. The respondents are at least entitled to a new trial.

The judgment appealed from should be reversed and a new trial granted.

WILLIAMS, P. J., GOLDMAN, HALPERN and McCLUSKY, JJ., concur.

Judgment unanimously reversed on the law and facts and a new trial granted, without costs of this appeal to either party.