Clerks, J.
 

 The question is fairly presented, whether the uninterrupted use of the dam for twenty years was a sufficient defence, without any other manifestation of an adverse possession than the effect which it produced during that time on the plaintiff’s land. In other words, will this uninterrupted use be presumptive proof of an adverse possession ?
 

 Undoubtedly, the object of the law in' requiring that possession or user should be adverse, is that the person against
 
 *120
 
 whom the claim is made or the right is exercised, should be made aware of the fact so as ■ to give him an opportunity of legally resisting before the time, for doing so, limited by the statute, expires. Generally, mere possession or use would not be sufficient to arrest his attention, or to put him on inquiry. To effect this, it is necessary in many cases that the person in possession or exercising the use should give some additional indication that it was hostile to another’s claim. It is a well established rule, therefore, that the doctrine of adverse possession is to be taken strictly, and not to be made out by inference, but by clear and positive proof. Every presumption, it is said, is in favor of possession, in subordination to the title of the true owner. The possession must be under claim and color of title, and exclusive of any other right.
 
 (Jackson
 
 v.
 
 Sharp,
 
 9 Johns., 167, and cases cited in note
 
 a.)
 

 But, on the other hand, it may be well asked, what manifestation of claim could the defendant employ other than the very act of which the plaintiff complains—the overflowing of a portion of his land so as tojrender it useless for cultivation or any other agricultural use. Or, if there were any other method in which his adverse claim could be indicated^ other than the express verbal assertion of it, could any be more ' effectual for the purpose of inducing the plaintiff to assert his rights than the continual overflow of his lands for three and twenty years ? It was in its very nature hostile to the rights of the plaintiff; it was an open and constant injury to him. The user was plainly wrongful—an invasion of his rights, for which he was entitled, at any time within the twenty years, to recover damages. An action for this purpose would be a sufficient vindication of the plaintiff’s title, even if he recovered only nominal damages, and would remove every pretext for presuming a grant. In
 
 Parker
 
 v.
 
 Foote
 
 (19 Wend., 309), which was an action for stopping lights in a dwelling house, it was held, and clearly upon authority, if the user is wrongful—if it is a usurpation to any extent upon the rights of another, it is of itself adverse, add if acquiesced in for twenty years, a reasonable foundation is laid for presuming a grant. This was
 
 *121
 
 the substance of the judge’s charge in the present case; and, as the plaintiff adduced no proof to show that the use was by his leave and favor, it was not necessary that it should be left to the jury to find an express and positive adverse use.
 

 The judgment should be affirmed.
 

 All the judges concurring,
 

 Judgment affirmed.