STAPLES et al. v. SCHNACKENBERG et al.

(Supreme Court, Appellate Division, First Department. December 29, 1911.)

1. ADVERSE POSSESSION (§ 43*)—TACKING POSSESSION.
    A claimant by adverse possession may not tack his possession to the possession of his grantor where the land is expressly excluded in the deed of the grantor.
    [Ed. Note.—For other cases, see Adverse Possession, Dec. Dig. § 43.*]

2. EJECTMENT (§ 86*)—TITLE OF PLAINTIFF—EVIDENCE.
    A plaintiff in ejectment who establishes a legal title will be presumed, as required by Code Civ. Proc. § 368, to have been in possession, and the occupation by others will be presumed to have been in subordination of his title, and when a dispossession terminates within 20 years possession is deemed to return to the true owner.
    [Ed. Note.—For other cases, see Ejectment, Dec. Dig. § 86.*]

3. ADVERSE POSSESSION (§ 114*)—EVIDENCE—SUFFICIENCY.
    Evidence by one claiming title by adverse possession within Code Civ. Proc. §§ 371, 372, providing for title by adverse possession not founded on a written instrument, held not to overcome the legal title established by another.
    [Ed. Note.—For other cases, see Adverse Possession, Dec. Dig. § 114.*]

4. EJECTMENT (§ 95*)—EVIDENCE—SUFFICIENCY.
    One who without a paper title seeks to overcome a legal title established must be held to strict proof.
    [Ed. Note.—For other cases, see Ejectment, Dec. Dig. § 95.*]

Appeal from Trial Term, New York County.

Ejectment by Mary G. Staples and others against John Schnackenberg and others. From a judgment for plaintiffs, defendant named appeals. Affirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Jacob Brenner, for appellant.
Merle I. St. John, for respondents.

MILLER, J. The plaintiffs are the heirs at law of James E. Lent, who obtained title on April 1, 1852, to premises which concededly in-

clude those in dispute. The defendant has no record or paper title, but claims title by adverse possession. A map was made and filed in the office of the registrar of deeds of Westchester county on November 1, 1852, by which it appeared that a certain part of the premises, thus acquired by Lent, between what was then the Turnpike Road on the north and Fourteenth street on the south, was divided into lots. The property in dispute was the westerly lot, a triangular piece 18 feet wide on the Turnpike Road and 70 feet wide on Fourteenth street called "TT." Next east of that were two rectangular lots, styled 377 and 378 respectively, each 64 feet wide. Jane Munn, the defendants' grantor, obtained title to lots 377 and 378 by a conveyance made by Edward Dalton and wife, which described said lots with reference to the said map. The westerly boundary was stated to be the lands of James E. Lent, and the dimensions were given, showing that they were rectangular pieces. On the 2d of October, 1888, Jane Munn conveyed lots 377 and 378 to the defendant, and in her conveyance the lots were described with reference to the said map, distances were given showing them to be rectangular, and the westerly boundary was stated to be the lands of James E. Lent, thereby necessarily referring to the said lot TT in dispute here. This action was begun August 11, 1908.

[1] As the defendant's deed expressly excluded the lot TT, there was no privity of contract between him and his grantor with respect to it, and his possession cannot be tacked onto hers to make up the necessary 20 years' adverse possession. Smith v. Reich, 80 Hun, 287, 30 N. Y. Supp. 167, affirmed on the opinion below 151 N. Y. 647, 45 N. E. 1134. The defendant had not had possession for 20 years when the action was brought.

[2] Even assuming that the defendant could succeed by showing that some one, who is not claiming any title, had maintained a continuous adverse possession for 20 years prior to the time when his possession began, the proof was not sufficient. The plaintiffs, having established the legal title, are presumed to have been in possession, and the occupation by others is presumed to have been in subordination to their title. Section 368, Code Civil Procedure; Archibald v. N. Y. C. & H. R. R. R. Co., 157 N. Y. 574, 52 N. E. 567. When a dispossession terminates, if within 20 years, possession is deemed to return to the true owner. Bliss v. Johnson, 94 N. Y. 235.

[3] The defendant claims that Jane Munn had obtained title by adverse possession pursuant to sections 371 and 372 of the Code of Civil Procedure, and asserts that he has shown that the premises were protected by a substantial inclosure and were usually cultivated or improved by the said Jane Munn for a period of 20 years "under a claim of title exclusive of any other right." To prove such adverse possession, he relies upon the testimony of two daughters of Mrs. Munn. One of them did not claim to be able to remember back more than 35 or 38 years, or, at the outside, back of 1872. The other one testified to a recollection of the purchase made by her mother some time in the sixties, and that there was nothing on the premises purchased at that time except bushes. Testifying with reference to the

said premises, not specifically with reference to said lot TT in dispute here, she said:

"I couldn't tell you when father built on it. My father put buildings on it about 1868. Somewheres along there. He put a barn on the property; put rail fences around. To my recollection that barn and those fences remained there until my mother sold it."

[4] We think that such vague testimony is insufficient to overcome the legal title. The defendant was at least bound to show that the alleged adverse possession of Mrs. Munn began as early as October 2, 1868. One who, without even a paper title, seeks to overcome the legal title, should be held to strict proof. It is quite plain that the barn, referred to by the said witness, was not built on lot TT. A map, put in evidence by the defendant, shows buildings on lots 377 and 378. It was necessary to fix the exact time when the so-called "inclosure" of the premises in dispute was made. The testimony of a witness, who admits that her recollection is indistinct, that it was done about 1868, is insufficient to prove that it was done on or prior to October 2, 1868. It is therefore unnecessary to determine whether the acts of Mrs. Munn's husband are to be deemed her acts, and whether, if so, they were sufficient to create a presumption of adverse holding in the face of the explicit description in the deed to her and in her deed to the defendant.

The judgment should be affirmed, with costs. All concur.