# SCHWARTZ v. ATLANTIC BUILDING COMPANY.*

---

PARTY WALLS; EASEMENTS; ENCROACHING WALL; MANDATORY INJUNCTION.

1. A concealed easement consisting in projections beneath the surface,

---

*Encroachments; mandatory injunction.*—For a note upon the question of mandatory injunction to compel the removal of a structure which encroaches upon adjoining property, see *Kershishian* v. *Johnson*, 36 L.R.A. (N.S.) 402.

of the footings of an adjoining wall, will not pass with a convey-
ance of the servient tenement, in the absence of record or other
notice to the grantee.

2. A landowner will not be granted a mandatory injunction requiring
the removal of encroaching footings of an adjacent wall, though he
may be permitted to remove the same at his own expense, without
impairing the wall, where he elected to use the wall as a party
wall, with the adjoining owner's consent, by commencing building
operations, and, having been subsequently forbidden by him to build
on the wall, and by the public authorities to erect another wall on
the encroaching footings, he completed the building by the use of
the wall, instead of stopping his building operations and then re-
quiring the removal of the encroachments, or removing them him-
self, which could have been done at a comparatively small cost.

No. 2535. Submitted October 17, 1913. Decided November 3, 1913.

HEARING on an appeal by the plaintiff from a judgment of
the Supreme Court of the District of Columbia awarding the
plaintiff damages for the encroachment of a foundation wall,
but refusing to require the defendant to remove it from the
plaintiff's land.                    *Modified and affirmed.*

The COURT in the opinion stated the facts as follows:

Appellant, Ben Schwartz, plaintiff below, filed a bill in
equity in the supreme court of the District of Columbia, praying
a mandatory injunction to compel the removal of an alleged
encroachment upon plaintiff's land.

It appears that plaintiff, since January 27, 1909, has been
the owner of premises known as 920 F street, Northwest, in the
city of Washington. Defendant owns the property immedi-
ately to the west, which, since the year 1887, has been occupied
by what is known as the Atlantic Building. The rear 36.7
feet of the east wall of the Atlantic Building was constructed
partly upon the lot of plaintiff. In 1911, plaintiff began the
construction of a building upon his lot, and sought to use the
rear 36.7 feet of defendant's wall as a party wall. The build-
ing inspector of the District, at defendant's request, made a

measurement of the wall, and found that there would be due from plaintiff to defendant under the party wall regulations the sum of $409.72. Defendant notified plaintiff of the amount found due, and requested payment, whereupon plaintiff promptly gave his check for the amount. Plaintiff's building had proceeded at this time to the point where the second floor joists were in place. On the same day the check was given, defendant returned it with a letter stating that the wall was not a party wall, and that, if plaintiff made use of it as such, he would be regarded as a trespasser.

Plaintiff, with a view of avoiding trouble, ordered a trench dug along the wall for the purpose of constructing an independent wall entirely upon his own land. In digging the trench, it was ascertained that the footing of defendant's wall encroached upon plaintiff's land almost 2 feet along the 36.7 feet in question, and that other projections encroached upon plaintiff's land from .4 to .5 of a foot. The encroachments were found to embrace about 53 square feet of plaintiff's ground. The building inspector refused to permit plaintiff to construct his wall upon the projecting footings. In this situation, plaintiff resumed his building operation to the completion of his building, using the wall as a party wall. After the encroachments were discovered and measurement made, plaintiff, through his attorney, notified defendant to remove the obstruction. Defendant ignored the notice, and this suit was brought. The bill prayed that the encroachments be declared a nuisance; for a mandatory injunction to compel their removal, and for damages. Tender was made in the bill to credit defendant with the amount found by the building inspector to be due defendant for the use of the wall as a party wall.

*Mr. Charles Cowles Tucker* and *Mr. Maurice D. Rosenberg* for the appellant.

*Mr. John Ridout* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

It is contended that, inasmuch as the wall had been constructed more than twenty years prior to plaintiff's acquiring the property, it will be presumed, in the absence of evidence to the contrary, that an easement by prescription was acquired with the knowledge of the then owner, plaintiff's grantor, which would be binding upon plaintiff as his successor in interest. Plaintiff testified that he had no knowledge of the encroachments until he dug down and found them. A concealed easement of this character upon land, in the absence of any record or other means of putting the purchaser upon notice, will not pass with a conveyance of the land. Defendant, therefore, had no easement to the extent of these encroachments which he could enforce against the plaintiff.

This was a party wall, and plaintiff had the option of either using it as such by paying defendant whatever was found to be due, or of constructing an independent wall entirely upon his own land. He elected finally to use it as a party wall, and defendant is not here complaining of its use as such.

Plaintiff had two courses of action open to him when he discovered the encroachment, one of which he was required to choose. He could have compelled defendant to remove the obstructions to enable him to construct his wall, and recover damages caused by delay in proceeding with his work; or he could adopt the wall as he found it. He elected to do the latter. The foundation with the obstructions was part of the wall, so much so that it is conceded it could not be removed without affecting the integrity of the wall, except by considerable reconstruction work being done. Let us assume, for illustration, that the entire wall, instead of being only about 2 inches on plaintiff's land, had been all but 2 inches on his land. Defendant had only a right to extend one half or less of the wall onto plaintiff's land. Plaintiff in that case could have compelled defendant to reconstruct the wall either entirely upon his own land, or one half upon his own land at the option of defendant. But if plaintiff, instead of taking this course, should elect to use the wall

as a party wall, and should erect his building, he would be estopped to compel the removal of a portion of the wall or claim damages for the trespass. Neither would it avail plaintiff to notify defendant to remove the excess wall, and at the same time be appropriating it as a party wall. When plaintiff notified defendant to remove the obstructions, he was proceeding to use the wall, and defendant had the right to rely upon plaintiff's election.

Indeed, plaintiff had another course open to him. It appears that, at the time the obstructions were discovered, and plaintiff was informed that he would not be permitted to construct his wall upon them, they could have been removed without affecting the wall for a cost of $365. Plaintiff could have had the obstructions removed, and have used the wall as a party wall and deducted the cost of removal from the $409.72 which he owed defendant. Ignoring these conditions, he accepted the wall with its foundations for the purpose of constructing his building, and now comes into a court of equity to recover damages and compel defendant, in addition, to expend $1,500 in placing the wall in a condition where it could have been placed by plaintiff himself at an expenditure of $365. Plaintiff, in his notice, did not even tender defendant the privilege of removing the obstructions through his property, where it could have been accomplished at much less expense than from defendant's side of the wall.

Equity deals with the substance, and will not indulge in technicalities. We think plaintiff is not in position to complain of the decree below. It appears that the obstructions can now be removed by operating from plaintiff's property, at a cost of $700. By the decree, plaintiff was awarded $409.72 and the sum due defendant for the use of the wall, and both parties were perpetually enjoined from removing the foundation encroaching upon plaintiff's land while the wall stands. Defendant has not appealed from the award to plaintiff, which must stand; but we think the decree should be so amended as to permit plaintiff, at his own cost, without impairment of the wall, to remove the obstructions, if he so desires. The court below is directed to so

amend the decree. With this amendment, the decree is affirmed, with the further order that the costs of this appeal be divided equally between the parties plaintiff and defendant.

*Decree modified and affirmed.*