JASON R. BERKE et al., Plaintiffs, *v.* NATHANIEL LANG et al., Defendants.

Supreme Court, Trial Term, Nassau County, July 7, 1952.

*Gassman, Berke & Brucker* for plaintiffs.

*Joseph V. McKee* for defendants.

PETTE, J. This is a motion for a temporary injunction to enjoin and restrain the defendants from (a) interfering with, molesting, or removing any portion of certain bushes, shrubs, flowers and trees on the land of the defendants, in the rear of plaintiffs' premises, and (b) to enjoin and restrain defendants from obstructing or interfering with an alleged right of way from the northerly line of plaintiffs' premises across defendants' property, for the purpose of caring for and maintaining such trees, flowers, shrubs and bushes, which rights plaintiffs claim to have acquired by prescription.

The facts may be briefly stated as follows: Plaintiffs acquired title to premises No. 69 Arleigh Road, in the village of Kensington, Great Neck, county of Nassau, on or about the 5th day of May, 1950, from Adelaide Gertrude Stoll, who in turn acquired title from her husband, Louis F. Stoll, on or about the 17th day of December, 1931.

Defendants are the owners of premises No. 71 Arleigh Road, which adjoins plaintiffs' property on the east, having acquired title from Robert Uhl and Lucy Uhl, his wife, on or about the 30th day of November, 1951. Annexed to the affidavits in opposition is a print of a survey, dated October 19, 1951, showing the premises purchased.

Plaintiffs claim that at the time of purchase from Adelaide Gertrude Stoll, there were included the bushes, shrubs, flowers and trees located on the land immediately adjoining said

premises on the north, which were alleged to have been planted by said grantor in or about 1925, although the fee owner of said adjacent plot was one Daniel Wooley. It is the further contention of plaintiffs that said Adelaide Gertrude Stoll continuously crossed from her premises to said adjacent land for the purpose of caring for said bushes, shrubs, and trees, with the knowledge of the then owner, and that this user was open, notorious and adverse to the interests of said Daniel Wooley, the then owner thereof. Plaintiffs claim that their grantor thus acquired and transferred to them said right of prescription to a right of way on the adjacent land to the north of their property, and that plaintiffs continued to exercise such rights since their purchase from Adelaide Gertrude Stoll. It is further alleged that defendants' erection of a hedge fence obstructs and interferes with said user of the right of way and will cause considerable damage.

The granting or withholding of a temporary injunction rests largely in the judicial discretion of the court. (*Paul* v. *Munger,* 47 N. Y. 469.)

Defendants have shown that they are the owners of legal title to the property in the rear of plaintiffs' premises where the trees, etc., in dispute are located. The motion papers show that neither the plaintiffs nor their predecessor in title, Adelaide Gertrude Stoll, were ever in possession of such property, nor do the plaintiffs claim fee ownership to such land by adverse possession. Plaintiffs' interest is purportedly aimed at an alleged claim of right of user by prescription for the maintenance of said trees, shrubs, flowers and bushes.

Plaintiffs must show more than actual user of defendants' land to succeed. They must show that the user was adverse to the title of defendants and defendants' predecessors in title. The kind of possession that will be deemed adverse is outlined by the Court of Appeals in *Belloti* v. *Bickhardt* (228 N. Y. 296) at page 302 of its opinion: " There are five essential elements necessary to constitute an effective adverse possession; *first,* the possession must be hostile and *under claim of right; second,* it must be actual; *third,* it must be open and notorious; *fourth,* it must be exclusive; and *fifth,* it must be continuous. If any of these constituents is wanting, the possession will not effect a bar of the legal title. (*Doherty* v. *Matsell,* 119 N. Y. 646; Am. & Eng. Ency. of Law [2d ed.], p. 795.) "

Adverse possession, although not a favored method of procuring title, is a recognized one. It is sometimes a necessary

means of clearing disputed titles and the courts adopt it and enforce it, because when adverse possession is carefully and fully proven, it is a means of settling disputed titles and this is desirable. (*Timmermann* v. *Cohn,* 204 N. Y. 614; *Barnes* v. *Light,* 116 N. Y. 34; *Staples* v. *Schnackenberg,* 148 App. Div. 161.)

Possession, to be deemed hostile and under a claim of right, must meet the tests laid down by the courts of this State. This principle was propounded by the Court of Appeals, in an opinion written by Judge VANN, in the analogous case of *Lewis* v. *New York & Harlem R. R. Co.* (162 N. Y. 202) as follows (p. 220): " Occupation must not only be hostile in its inception, but it must continue to be hostile, and at all times, during the required period of twenty years, challenge the right of the true owner in order to found title by adverse possession upon it. The entry must be strictly adverse to the title of the rightful owner, for if the first possession is by permission it is presumed to so continue until the contrary appears. If the occupation begins with recognition of the real owner's estate it is presumed to be subservient, and that the one making the entry intends to hold honestly and not tortiously. The character of the possession depends on the intention with which entry is made and occupation continued."

The burden of proving all the facts necessary to constitute adverse possession is upon the one who asserts it, for in the absence of such proof possession is presumed to be in subordination to the true title. (*Heller* v. *Cohen,* 154 N. Y. 299; *Doherty* v. *Matsell,* 119 N. Y. 646, *supra*; *De Lancey* v. *Piepgras,* 138 N. Y. 26.)

Similar principles of law prevail in establishing rights by prescription over real property owned by another person.

As in other cases involving similar questions of prescriptive rights over and upon vacant land, a claimant should be required to establish a clear case. A user, even though continued, such as a neighbor's willingness to accord another neighbor, as a matter of convenience, to cross lots, will not be sufficient to establish a right of way. Such a user, originally granted as a neighborly accommodation, does not ripen into permanent adverse rights. Adverse use involves an active assertion by words or acts of a right to use. It includes more than a mere passive acquiescence (*Van Overbeek* v. *Batsleer,* 191 N. Y. S. 49; *Wiseman* v. *Lucksinger,* 84 N. Y. 31; *Allerton* v. *Steele,* 76 App. Div. 622; *Kneller* v. *Lang,* 137 N. Y. 589; *Heller* v. *Cohen,* 154 N. Y. 299, 311, *supra*).

Of similar import is the more recent case of *Pirman* v. *Confer* (273 N. Y. 357), wherein the Court of Appeals, in an opinion written by Judge RIPPEY, held, in part (p. 363): "Under ordinary circumstances, an open, notorious, uninterrupted and undisputed use of a right of way is presumed to be adverse under claim of right and casts the burden upon the owner of the servient tenement to show that the use was by license (*Hammond* v. *Zehner*, 21 N. Y. 118; *Colburn* v. *Marsh*, 68 Hun 269, affd. 144 N. Y. 657), but where the use is not inconsistent with the rights of the owner and where the use is in connection with the use of the owner and the general public, in the absence of some decisive act on the part of the claimants indicating a use separate and exclusive from the general use, that presumption does not apply. (*Moore* v. *Day*, 199 App. Div. 76; 235 N. Y. 554; *Sebring* v. *Fitzgerald*, 142 Misc. Rep. 474)."

The purported use of defendants' land by the plaintiffs and their grantor, Mrs. Stoll, traveling in no defined path to the shrubbery and trees in dispute, was of no import or consequence to defendants or their predecessor in title so long as the land remained vacant and in its present condition. Such user constituted a mere tolerance or permission to use the right of way, rather than a recognition of an absolute right exercised in a hostile manner and under a claim of right specified in the cases cited in this opinion. There is no presumption that an exclusive use continued for fifteen years by one, not the owner, through the land of another, is a hostile user, if the use is not inconsistent with the rights of the owner.

When the law of the cases cited herein is applied to the facts in this action, it is clear that there has been no adverse user of defendants' land by plaintiffs or their predecessors in title, such as would create a right of way by prescription. On the contrary, plaintiffs' affidavits annexed to the motion papers, particularly the affidavit of Mrs. Stoll, refutes the intention of a hostile user against the owner of said vacant land. The enjoyment of plaintiffs and their predecessor in title was merely permissive without title thereto either in law or equity.

Plaintiffs' motion for a temporary injunction is hereby denied upon the merits.

Submit order.