Bertram L. Newman, J.
The question involved in this case is the ownership of a parcel of land located in Tioga County. The *945 that the record title is in Anna Millions, the school district’s record title to the parcel is in the name of Anna Millions. The school district claims to be the owner, and in view of the fact ownership must be established by adverse possession. The property in question has been occupied by the school district for school purposes from 1846, or prior thereto, to 1952, a period of 106 years, and no claim adverse to said school district appears to have been made until 1951.
“ ‘ There are five essential elements necessary to constitute an effective adverse possession: first, the possession must be hostile and under claim of right-, second, it must be actual; third, it must be open and notorious; fourth, it must be exclusive; and fifth, it must be continuous. If any of these constituents is wanting, the possession will not effect a bar of the legal title. ’ ” (Berke v. Lang, 202 Misc. 1108,1110.)
All of the five elements are clearly established except the first mentioned.
“ Occupation must not only be hostile in its inception, but it must continue hostile, and at all times, during the required period of twenty years, challenge the right of the true owner in order to found title by adverse possession upon it. The entry must be strictly adverse to the title of the rightful owner; for, if the first possession is by permission, it is presumed to so continue until the contrary appears.” (Lewis v. New York & Harlem R. R. Co., 162 N. Y. 202, 220.)
Notwithstanding diligent effort by respective counsel, it is impossible to produce any evidence as to the original transaction at the time the property was taken for school purposes. There is no record as to those facts available, and the conditions under which the school district acquired possession of said premises are mere speculation. The question, therefore, is: What is the legal presumption that arises from the known facts? The parcel in question, at the time it was acquired by the school district, certainly was of little value, and its present value does not appear, and for the purposes of this decision it is immaterial. It does appear that originally there was a log schoolhouse erected on this parcel, which was later removed and a new school building erected; that at one time a small adjoining piece of land was purchased by the school district, and that the entire property was occupied and used continuously for school purposes, and most of the school buildings were erected upon the premises involved in this litigation.
“ ‘ The actual possession and improvement of the premises, as owners are accustomed to possess and improve their estates, *946 without any payment of rent, or recognition of title in another, or disavowal of title in himself, will, in the absence of all other evidence, be sufficient to raise a presumption of his entry and holding as absolute owner, and unless rebutted by other evidence, will establish the fact of a claim of title. ’ Possession, accompanied by the usual acts of ownership, is presumed to be adverse until shown to be subservient to the title of another.” (Barnes v. Light, 116 N. Y. 34, 39; Monnot v. Murphy, 207 N. Y. 240; Berke v. Lang, 202 Misc. 1108, supra.)
The legal presumption that arises from the long-continued, actual, notorious, exclusive occupation raises the legal presumption that the occupation in its inception was hostile and under claim of right, and therefore, all of the elements of adverse possession are established, and we find that the title to said premises is in the school district.
Submit findings and judgment.