Samuel W. Eager, J.
By this action, plaintiffs seek (by their first alleged cause of action) to establish and enjoin interference with an easement to maintain and use a pipe line running under *694 ground through the lands of the defendant Heinsohn for purpose of transmission of water from certain springs to a reservoir located upon plaintiffs’ premises; or, in the alternative (by their second alleged cause of action), to recover damages of the defendant Inter-County Title Guaranty & Mortgage Company for alleged breach of covenants of a title policy alleged to insure the plaintiffs against damages by reason of a defect in title to such an easement.
The plaintiff, Eileen Offenhartz, acquired the lot of land described in paragraph “ Second ” of the complaint on July 1, 1944, by warranty deed from one Gertrude T. Chase. The deed also purported to convey to her ‘ ‘ all the right, title and interest of the party of the first part to use two springs feeding the water reservoir on the said premises, and such rights as the party of the first part has to lay and maintain pipes and conduits from said springs to said reservoir.”
Thereafter, on September 14, 1949, the plaintiff Eileen Offenhartz conveyed the said property to herself and husband (the plaintiff Harry Offenhartz) by a quitclaim deed. This deed also contains the above-quoted provision.
The springs mentioned are located on the lands of a third person situate some distance to the southeast of plaintiffs’ lot. For upwards of 25 years prior to the trial of this action, water for use on the lot now owned by plaintiffs came from said springs by means of gravity flow through an underground pipe line into a reservoir situate on said lot. This pipe line traversed intervening lands owned by third parties. The defendant Heinsohn in 1951 acquired a piece of these lands, to wit, a lot of land situate to the southeast of and adjacent to plaintiffs’ lot. The underground pipe line traverses this Heinsohn lot. There is nothing in her deed or in the record appertaining to her title to indicate that her lot is subservient, to an easement for the pipe line, and she claims that she acquired her lot for value without notice of any servitude therefor.
The plaintiffs have not alleged or established any deed or written agreement from or binding upon the defendant Heinsohn or her predecessors in title having the effect of creating a pipe-line easement as claimed by plaintiffs. In fact, plaintiffs ’ case against said defendant rests solely upon the premise that they and their predecessors in title obtained the easement in question by adverse user for upwards of 15 years. And, there being nothing in the deed or record under which the defendant Heinsohn claims to put her on notice as to any such easement, it is plaintiffs’ further claim that, at the time of her purchase of her lot, she knew or was put upon inquiry that the *695 pipe line existed and that she thus had constructive notice of the alleged easement.
The conclusion is reached that the plaintiffs’ complaint as against the defendant Heinsohn is to be dismissed. In the first place, they have not established an easement by prescription to use and maintain the pipe line. Concededly, adverse possession is not a favored method of procuring title, and a prescriptive right may be made out only by clear and convincing proof. (Berke v. Lang, 202 Misc. 1108; Hammond v. Zehner, 21 N. Y. 118; Hammond v. Antwerp Light & Power Co., 132 Misc. 786, 791; Palermo v. Minnamon, 74 N. Y. S. 2d 495.) While it is true that proof of open, notorious and undisputed use of land continuously for the statutory period may give rise to a presumption that such use was adverse and under a claim or right, and, without additional proof, support a title by prescription (see Hammond v. Zehner, supra; Pirman v. Confer, 273 N. Y. 357, 363) it is clear that whether or not this presumption arises depends upon the nature of the use and the surrounding circumstances in the particular case. Where the true owner is in actual possession of lands and a certain use thereof or of a portion thereof by a stranger to the title is not an exclusive use and is in every way consistent with the owner’s use of the lands, there is no presumption that the use by the stranger is adverse. (See Moore v. Day, 199 App. Div. 76, affd. 235 N. Y. 554; Berke v. Lang, supra.)
In the ease at bar, it appears that, over the years, the parties involved were neighbors and from all that appears, were on friendly terms. There is no proof whatever as to the circumstances attending the first laying of the pipe line and as to whether or not such laying was under a claim of right. The character of the use over the years would depend upon the intention with which the entry for the pipe line was first made and use continued. If first use was by permission, the use would be presumed to so continue (see Lewis v. New York & Harlem R. R. Co., 162 N. Y. 202, 220) and there is no reason to assume that the installation and first use of this particular line was otherwise than by permission. In any event, mere proof of the continued existence for upwards of 15 years of a pipe line underneath the lands of a neighbor for the purpose of supplying water to an adjoining owner is not, in my opinion, a showing of such an open, notorious and exclusive use as will give rise to a presumption that the use was adverse and under claim of right as against the neighbor.
In the second place, and in any event, it is not established that the defendant Heinsohn was, prior to her acquiring of title, on *696 notice of such facts as would put her upon inquiry as to the existence of the alleged easement. She was a purchaser for value and had a right to rely on the record title in the absence of there being brought to her attention facts giving indication that the premises were encumbered. ‘ ‘ A purchaser of property may assume that no easements are attached thereto which are not of record except those which are open and visible. There must be an apparent sign of servitude, something to suggest to the purchaser that one estate is servient to the other. (Butterworth v. Crawford, 46 N. Y. 349.) Unless there is an apparent mark or sign which would indicate servitude upon inspection, or cause a prudent purchaser to make inquiry, the rule of constructive notice does not apply.” (Historic Estates v. United Paper Bd. Co., 260 App. Div. 344, 348, affd. 285 N. Y. 658.)
The pipe line furnishing water to the plaintiffs’ premises was under the ground. There was a slight depression or furrow where the dirt had settled over the pipe line but the same was grown over with vegetation and was not readily apparent to one making a reasonable inspection of the premises. In any event, the evidence in this case does not satisfy me that the defendant Heinsohn acquired knowledge of the existence of the underground pipe line before she took title.
We have statutory provisions to the effect that realty titles and interests are to be evidenced by writings and put on record, and it requires a clear case indeed to justify the court in creating a title or easement by prescription in disregard of these salutary provisions, particularly where the effect thereof is to cut down the estate of a purchaser for value who claims to have purchased without notice of the alleged title or easement. The plaintiffs have failed to present such a case.
Finally, it is also concluded that the plaintiffs have not made a case against the defendant Inter-County Title Guaranty & Mortgage Company, and that the complaint is to be dismissed as against it. The title policy of said company on the face of it purports only to insure against defects of title affecting the premises described in Schedule A attached thereto and made a part thereof. The above-quoted provision in plaintiffs’ deed referring to use of the springs and the right to lay and maintain pipes therefrom is not included as a part of the description of the lands as set forth in Schedule A. Said schedule merely describes plaintiffs’ lot by setting out the boundaries thereof and there is no reference whatever in the said schedule or in the policy to the easement claimed by plaintiffs. And said policy, by clause 10 thereof, expressly provides that, “ No rights of the insured in any premises beyond the lines of the premises *697 as described in Schedule A * * * are insured by this policy unless such rights are specifically expressed as being insured ”.
The title policy is a contract, and the obligation of the title company is limited and defined by the terms thereof. (See Hessian Hills Country Club v. Home Ins. Co., 262 N. Y. 189, 196; Howe v. Mill Owners Mut. Fire Ins. Co. of Iowa, 241 App. Div. 336; Kean v. National Sur. Co., 241 N. Y. 252, 258.) Clearly, by the terms of the particular policy before the court, the obligation of the defendant title company is expressly limited to the insurance of the title to the land described in Schedule A, and there is no undertaking on the part of the company to insure any title or interest which the plaintiffs may have in an alleged water pipe easement on other lands.
The plaintiffs make the claim that the policy was broadened to embrace the alleged easement by virtue of the provisions of a certain company letter delivered to plaintiffs ’ attorney as a part of the title policy transaction. With this letter were enclosed two blueprints of a survey of the plaintiffs ’ lot. The blueprints, by subsketch thereon, depicted the location of the springs and the course therefrom to plaintiffs’ reservoir of the “ pipe line, exact location unknown ’ ’. The letter stated that, ‘ ‘ Unless the survey shows variations, we do not make a survey reading part of the policy. You may, however, in this instance consider the survey a part of the report.”
The letter and statements therein are, of course, to be read with the policy, which by its specific and unambiguous provisions insures only the title to a particularly described lot of land and which nowhere purports to insure the title to an easement having to do with the use of springs and of a pipe line located on other lands. Under the circumstances, the statements in the letter are to be construed as referring solely to the premises insured, that is, to the premises described in the policy; and the statement therein to the effect that the survey may be considered a part of the title report does not have the effect of broadening the coverage of the policy to insure the title to easements specifically excluded from coverage by the terms thereof.
The complaint is in all respects dismissed. No costs. No affirmative relief will be granted to the defendant Heinsohn. She has not properly pleaded a counterclaim for affirmative relief, and, in any event, it is not equitable or necessary for protection of her rights that plaintiffs be required to remove pipes underneath her lands.
This shall stand as the decision of the court without formal findings. Settle judgment on notice.