**Austin P. SULLIVAN, Appellant,**

v.

**Nejeeb NEAM, Appellee.**

No. 3038.

Municipal Court of Appeals for the
District of Columbia.

Argued July 16, 1962.

Decided Aug. 20, 1962.

Mark P. Friedlander, Washington, D. C.,
with whom Mark P. Friedlander, Jr., and
Blaine P. Friedlander, Washington, D. C.,
were on the brief, for appellant.

N. Meyer Baker, Washington, D. C., for
appellee.

Before HOOD, Chief Judge, and QUINN
and MYERS, Associate Judges.

MYERS, Associate Judge.

The question presented is whether appellant had acquired an easement by prescription for the use of a sewer pipe running through appellee's land.

The facts are uncontroverted. Appellee bought his property in 1931. Appellant purchased his house in 1960. It had been erected prior to 1910 and had been unchanged since "before 1930" except for some remodeling in 1956 which did not involve exterior plumbing and sewer connections. The two properties had been under separate ownership for more than fifty years. The old brick sewer line serving appellant's and three other properties was about "40 or 50 years of age." There was no known record of its existence. Neither appellant nor appellee had any knowledge or notice of the old private sewer crossing appellee's land until 1961 when appellee cut through it during excavation on his premises. Under a municipal ordinance appellant was required to abandon the old sewer line and to connect his house directly with the main sewer on his front street. Appellant sought as damages the cost of such new connection. From an adverse decision, he brings this appeal.

In an early case in this jurisdiction dealing with a sewer right-of-way over a servi-

ent property, Robinson v. Hillman, 36 App. D.C. 241, it was held that a buried or concealed easement could pass only by express grant. This principle was affirmed in Schwartz v. Atlantic Building Co., 41 App. D.C. 108, 111, where it was said:

> " * * * Plaintiff testified that he had no knowledge of the encroachments until he dug down and found them. A concealed easement of this character upon land, in the absence of any record or other means of putting the purchaser upon notice, will not pass with the conveyance of the land. Defendant, therefore, had no easement to the extent of these encroachments which he could enforce against the plaintiff. * * *"

This is still the law in this jurisdiction. When pipes are buried under the land there is an absence of the open, notorious and exclusive use which is essential to the creation of an easement by prescription.[1] Decisions in Maryland, from which we derived our common law, hold that if the existence of an alleged easement was unknown and the use of the servient premises was neither visible nor apparent to the enjoyment of the dominant estate, the alleged easement is without pretense of authority.[2]

Appellee had no knowledge or notice of the private sewer pipe hidden under his land. No deed or other record revealed its presence. In the exercise of ordinary care, he could not have found it. There was no proof of an agreement between earlier owners for use of the servient property. Not even appellant was aware of the private pipe line connected with his property until its discovery in 1961. There could be no adverse and notorious use without such knowledge.

Appellant contends that, because of the lapse of some fifty years, there is a presumption that a specific grant of such easement had been given by the original owners of the two properties. Aside from the absence of anything in the record to show that the two properties were originally in common ownership there is clearly no showing of an open, notorious and adverse use which could give rise to a presumption that an easement had been established by prescription. The theory of the "lost grant" is not applicable where there is no knowledge or notice of the existence of such right, and from the mere passage of time, without such notice, none can be conclusively presumed.

We find nothing in the circumstances of this case that would impel us to disregard existing law.

Affirmed.

1. Exley v. Gallivan, 96 Conn. 676, 115 A. 482; McCracken v. MacNeal, 169 Mich. 414, 135 N.W. 461; Offenhartz v. Heinshon, 30 Misc.2d 693, 150 N.Y.S.2d 78.

2. Biddison v. Aaron, 102 Md. 156, 62 A. 523. See also Mitchell v. Houstle, 217 Md. 259, 142 A.2d 556.