OPINION OF THE COURT
Robert J. Stolarik, J.
Plaintiffs (Hassinger) are seeking a declaratory judgment for an easement by prescription, and injunctive relief, precluding defendants from interfering with the claimed right of way over defendants’ lands. Defendants (Kline), in addition to entering several denials and affirmative defenses, also interpose a counterclaim against their predecessors in title (Blanche) for a breach of covenant and against the plaintiff, seeking damages for trespass and counsel fees.
Defendants took title to lands on Bulsontown Road, Stony Point, New York, in 1978. Upon occupying the property, they observed that the plaintiffs (who owned the property to the rear) were traveling to and from their premises via a gravel road which ran diagonally across defendants’ property. Defendants blocked the gravel road, denying the plaintiffs access and precipitating the instant lawsuit.
The plaintiffs acquired their property in 1954. The previous owners were the Brooks family who had taken title in 1920. During the years the Brooks occupied the property, *148 they had used the gravel road through the neighboring property, then owned by the Bulsons and later by the Blanches. The Brooks provided some crushed stone on occasion to help maintain the surface and also plowed the road from time to time, but the road was primarily maintained and kept open in the winter by the owners. The road was also used by the Bulsons and the Blanches, and tradespeople and other visitors to both premises likewise utilized the gravel road. When plaintiffs purchased the Brooks property, they continued to use the road, never obtaining formal permission but the Blanches never denied them use of the road. This pattern continued over the years as did the Blanches’ common use of the road, along with tradespeople, family and friends. Plaintiffs did not maintain the road and plowed it only a few times during this time. It should be noted, also, that this gravel road was not the only access to plaintiffs’ property. There was a right of way to the north of their property but, apparently, they found the gravel roadway more convenient and used it almost exclusively in gaining access to their property until 1978 when they were denied use of the roadway by their new neighbors, the Klines. In response to this preclusion, plaintiffs claim that they have acquired a prescriptive right through adverse use and seek a declaration from this court that such an easement exists.
Adverse user is defined as “ ‘such a use of the property as the owner himself would exercise, disregarding the claims of others entirely, asking permission from no one, and using the property under a claim of right. It is essential that there be such an invasion of the rights of the party against whom the right is claimed that he would have a cause of action against the intruder, and the prescriptive period does not begin to run until there is such an invasion’ ” (Moore v Day, 199 App Div 76, 86). Put in more succinct terms, to establish a prescriptive right, the use must be open, notorious, continuous and uninterrupted, adverse and under a claim of right, for the statutory period. (Wiseman v Lucksinger, 84 NY 31; Hammond v Zehner, 21 NY 117; Di Leo v Pecksto Holding Corp., 304 NY 505; Bushey v Santiff, 86 Hun 384; Olofson v Malpede, 127 Misc 813; Sewall v Fitz Gibbon, 233 App Div 70.) The adverse *149 nature of the use1 is essential. It is well settled that use by express or implied permission cannot ripen into an easement by prescription, since user as of right (as distinguished from permissive user) is lacking. (Moore v Day, supra; Berke v Lang, 202 Misc 1108.) This right must not only be asserted, but in some way must be made known to the owner. Neighborly accommodation, willing accord, or a convenience tolerated, will not be sufficient to establish a permanent right. The use must be adverse, and must have been exercised under a claim of right in open hostility to the rights of the owner. (Van Overbeek v Batsleer, 191 NYS 49; Kneller v Lang, 137 NY 589; Heller v Cohen, 154 NY 299; Lewis v New York & Harlem R.R. Co., 162 NY 202.)
In the instant case, it is undisputed that the use of the gravel road by plaintiffs was open, notorious and continuous and uninterrupted (24 years). The question before the court is whether this use was adverse, and under a claim of right, or was it permissive. Ordinarily, the open, notorious and continuous use of a right of way is presumed to be under a claim of right and imposes a burden upon the owner of the servient tenement to show that the use was by license. (Hammond v Zehner, 21 NY 117, supra; Colburn v Marsh, 68 Hun 269, affd 144 NY 657; Ward v Warren, 82 NY 265; Nicholls v Wentworth, 100 NY 455; Miller v Garlock, 8 Barb 153; Di Leo v Pecksto Holding Corp., supra.) But where the use is not inconsistent with the rights of the owner and the general public, in the absence of some decisive act on the part of the claimants, indicating a use separate and exclusive from the general use, that presumption will not apply. (Moore v Day, 199 App Div 76, supra; Sebring v Fitzgerald, 142 Misc 474; Pirman v Confer, 273 NY 357.) Whether this presumption arises, depends on the nature of the use and the surrounding circumstances in the particular case. Where the true owner is in actual possession of the lands, and a certain use thereof, or of a portion thereof, by a stranger to the title is not an exclusive use and in every way consistent with the owners’ use of the lands, there is no presumption that the use by the stranger is adverse. (Moore v Day, supra; Berke v Lang, 202 Misc 1108, supra). Common use negates the concept of a presumption in favor of an individual, and the use of a *150 right of way with members of the general public militates against the establishment of an easement by prescription, because the use is not adverse. (Peck v State of New York, 15 AD2d 443; Reid v Garnett, 101 Va 47.) And in situations where a road is kept open and used by an owner for his purposes, it may be inferred that the use by others is by his consent and permission. (Harper v Parish of Advent, 7 Allen [89 Mass] 478; First Parish in Medford v Pratt, 4 Pick [21 Mass] 222; Speir v Town of New Utrecht, 49 Hun 294.) The use, to be adverse, must be exclusive in the sense that the right of the dominant tenement owner does not depend upon a similar right in others, and the use of a right of way by the owner and others, is entirely consistent with a permit to use the right of way, not as an exclusive easement but in common with the owners own use and that of others. If the use is consistent with the right of the owner of the tenement, it confers no right in opposition to such ownership. (Moore v Day, supra.) Merely from using what is open to use, without more, no presumption arises that the use is adverse. (Concklin v New York Cent. & Hudson Riv. R.R. Co., 149 App Div 739, 743.)
Adverse possession is not a favored method of proving title, and a prescriptive right may be made out only by clear and convincing proof. (Berke v Lang, 202 Misc 1108, supra; Hammond v Zehner, supra; Hammond v Antwerp Light & Power Co., 132 Misc 786; Palermo v Minnamon, 74 NYS2d 495; Offenhartz v Heinsohn, 30 Misc 2d 693.) The burden of proving all the facts necessary to constitute a prescriptive right is upon the party who asserts it. (Heller v Cohen, 154 NY 299; Battista v Pine Is. Park Assn., 28 AD2d 714.) In the matter before the court, we find that the plaintiff has not sustained this burden, nor do we find the existence of a presumption of adverse use which would shift the burden of negating the presumption to the defendant, Kline. It is clear that the road in question was originally built by the predecessors in title, and maintained by them. The road was used in common by plaintiffs and their predecessors, by tradesmen, by defendants’ predecessors in title, and by friends and family of those parties. It should be noted, also, that there was a barn and garage on the rear of the property presently owned by defendant *151 Kline, and that the gravel road was an access to these outbuildings. There is no question, also, that the plaintiffs had an alternate means of access to their property but found the gravel road more convenient. The court finds that plaintiffs merely used what was there to be used, not only by themselves but by others (including the owner) and finds no adverse use, but a permissive use.
Accordingly, the relief sought by plaintiffs is denied. The court likewise denies the counterclaim against plaintiffs for damages in trespass by reason of insufficient proof and similarly denies the request for counsel fees, there being no legally adequate basis for the claim.