PRESENT: Hassell, C.J., Lacy, Keenan, Kinser, Lemons, and Agee,
         JJ., and Stephenson, S.J.


DIANE B. JOHNSON
                                          OPINION BY
v.  Record No. 052476      SENIOR JUSTICE ROSCOE B. STEPHENSON, JR.
                                        November 3, 2006
DEBUSK FARM, INC., ET AL.


              FROM THE CIRCUIT COURT OF WASHINGTON COUNTY
                        C. Randall Lowe, Judge

     The principal issues in this appeal are whether the trial

court erred in finding (1) the existence of a prescriptive easement

and (2) that the owner of the servient tract had notice of such

easement when she purchased the tract.

                                  I.

     DeBusk Farm, Inc. (DeBusk), filed a declaratory judgment

action against Diane B. Johnson, seeking the establishment of a

prescriptive easement across Johnson's property.  Johnson, in turn,

filed a third-party cross-bill against Meade M. Willis and Mary B.

Willis, her predecessors-in-title, claiming the Willises had

breached their covenant of general warranty set forth in their deed

to her.

     The trial court, after an ore tenus hearing, ruled in favor of

DeBusk, finding the existence of a prescriptive easement that was

open and obvious to Johnson when she purchased her property.

Having found that the easement was open and obvious to Johnson, the

court dismissed her cross-bill against the Willises.  We awarded

Johnson this appeal.

We view the evidence in the light most favorable to DeBusk, the prevailing party at trial. Caplan v. Bogard, 264 Va. 219, 225, 563 S.E.2d 719, 722 (2002). So viewed, the evidence showed that Johnson acquired her farm from the Willises on August 20, 1999. Johnson's farm straddles DeBusk Mill Road, a state secondary highway. The Middle Fork of the Holston River flows through Johnson's farm south of DeBusk Mill Road.

DeBusk owns farmland (the DeBusk Tract) that adjoins Johnson's farm on its southern border and just south of the Middle Fork as it flows through Johnson's farm. DeBusk acquired the DeBusk Tract from the DeBusk family (the Family) in 1988. If DeBusk cannot use the farm road, which is the subject of this litigation, the DeBusk Tract is virtually landlocked.

The Family had long owned farmland on both sides of the Middle Fork of the Holston River. The evidence established that the farm road was used for many years to cross the river during the time that the historic DeBusk Mill was in operation. After the mill closed about 1967, the Family, from 1967 to 1988, and DeBusk, thereafter, continued to use the farm road.

David DeBusk, vice president and farm manager of DeBusk, testified that, during the 33-year period that the Willises owned what is now the Johnson farm, the farm road was regularly traveled with farm equipment and to transport cattle. The Willises were aware of DeBusk's and the Family's continued use of the farm road

across their property for the entire time they owned it, and they acknowledged under oath the existence of the farm road as an easement.

The evidence established the location and visible markings of the farm road. The north end of the farm road is marked by a "turnout" from the state highway, DeBusk Mill Road. From there, the farm road passes through the part of Johnson's farm south of DeBusk Mill Road and through a permanent "cut" in the north bank of the river. From the cut, the farm road proceeds down the river bank to a ford in the river, and, after crossing the river, the farm road proceeds about 15 feet up the south bank of the river and over a 10-foot strip of Johnson's land into the DeBusk Tract. On the south bank of the river is a concrete ramp, apparently constructed to allow vehicles to exit the river.

Johnson inspected the Willises' property before she bought it. She testified that she had observed the turnout at the north end of the farm road. She also "saw a place on the south side of the river where people had passed or trucks or something."

Others who had been on the property at or around the time of Johnson's purchase testified that they had noticed a portion of the farm road that they believed provided access to the river. Still others testified that they had seen the ford in the river and the concrete ramp leading out of it.

III.

The trial court heard the evidence ore tenus and, on its own motion, conducted a view of the properties. The trial court stated its finding as follows:

> The Court, after reviewing the evidence, finds as a matter of fact that the complainant has established, by clear and convincing evidence, an easement by prescription over the respondent's property. The evidence established this easement was used for many years to cross the river during a period of time when a mill on the river was in use. The mill was closed in approximately 1967. The evidence further established thereafter the easement continued to be used to cross the respondent's property [then] the river to enter the DeBusk property on the other side for the purpose of farming.

The court further stated the following:

> After a view of the property, the Court can find clearly that anyone purchasing the property would have seen that there was a ford in the river, which crossed to an embankment on the other side with a road leading up from the river on the other side. Also, on Ms. Johnson's side of the property, the bank clearly was tailored down and it was open and obvious that that property had been crossed to use the ford to obtain access to the other side of the river.

Having found that the easement was open and obvious, the trial court held that the Willises had not breached their general warranty covenant in their deed to Johnson. Accordingly, the trial court dismissed Johnson's claim against them.

IV.

As previously stated, we must view the evidence in the light most favorable to DeBusk, the prevailing party at trial. Caplan, 264 Va. at 225, 563 S.E.2d at 722. Additionally, when a trial court's decision is based upon an ore tenus hearing, we owe that decision great deference. Pizzarelle v. Dempsey, 259 Va. 521, 527,

4

526 S.E.2d 260, 263 (2000).  Therefore, we will not disturb the trial court's decision unless it is plainly wrong or without evidence to support it.  Id.

First, we consider whether the trial court erred in finding the existence of a prescriptive easement over Johnson's land.  In order to establish a prescriptive easement, DeBusk had the burden of proving, by clear and convincing evidence, that its use of the farm road was " 'adverse, under a claim of right, exclusive, continuous, uninterrupted, and with the knowledge and acquiescence of the owner of the land over which it passes, and that the use has continued for at least 20 years.' "  Amstutz v. Everett Jones Lumber Corp., 268 Va. 551, 559, 604 S.E.2d 437, 441 (2002) (quoting Martin v. Moore, 263 Va. 640, 645, 561 S.E.2d 672, 675 (2002)).

> "Where there has been an open, visible, continuous and unmolested use of a road across the land of another for at least twenty years, the use will be presumed to be under claim of right, and places upon the owner of the servient estate the burden of rebutting this presumption by showing that the use was permissive, and not under claim of right."

Pettus v. Keeling, 232 Va. 483, 485, 352 S.E.2d 321, 323-24 (1987) (quoting Rives v. Gooch, 157 Va. 661, 663, 162 S.E. 184, 184 (1932)).

Johnson contends that the evidence that Virginia McKee, a predecessor-in-title of the Willises, had owned a one-third interest in the DeBusk Mill and also happened to be David DeBusk's great aunt was sufficient to rebut any presumption that the Family's use was adverse or under a claim of right.  Even if this

5

use were permissive, acquisition of the property by the Willises, who had no familial relationship to the Family, constituted a "change in circumstances and conditions" so that the use would not have continued to be permissive. Eagle Lodge v. Hofmeyer, 193 Va. 864, 880, 71 S.E.2d 195, 204 (1952). Indeed, the trial court, in finding the existence of a prescriptive easement, focused primarily on the 33-year period when the servient tract was owned by the Willises. During this period, the farm road was openly and continuously used by DeBusk and the Family to cross the river, and the road was used with the knowledge of the Willises. Thus, under the trial court's finding, which is supported by the evidence, the prescriptive easement was established at least 13 years before Johnson ever acquired her farm.

Johnson also contends that, because there is evidence in the record that the public once used the farm road to reach the DeBusk Mill, no prescriptive-easement right arose. Again, Johnson ignores the trial court's finding that a prescriptive easement arose while the Willises owned the servient tract. Finally, we consider Johnson's contention that the trial court erred in finding that she had had sufficient notice of the farm road's existence prior to the time she purchased her farm from the Willises. We do not agree.

Although the evidence was in conflict concerning this issue, the trial court viewed the properties and resolved the conflict in DeBusk's favor. We hold that the trial court's finding regarding notice to Johnson, which is entitled to great deference, is not

6

plainly wrong and is supported by the evidence. Indeed, Johnson's own testimony indicates that she had observed sufficient indications of an existing road to put her on notice that an easement may exist. We also agree with the trial court that, because the easement was open and obvious, the Willises had not breached their covenant of general warranty contained in their deed to Johnson. Scott v. Albemarle Horse Show, 128 Va. 517, 529-31, 104 S.E. 842, 846-47 (1920) (easements that are open and obvious not within covenant of general warranty); see Russakoff v. Scruggs, 241 Va. 135, 141, 400 S.E.2d 529, 533 (1991). Therefore, the trial court was correct in dismissing Johnson's claims against the Willises.

V.

For the foregoing reasons, we will affirm the trial court's judgment.

Affirmed.

7