PRESENT: Hassell, C.J., Keenan,[1] Koontz, Lemons, Goodwyn, and Millette, JJ., and Carrico, S.J.

JUDITH HAFNER

v.   Record No. 090972                     OPINION BY
                                    JUSTICE BARBARA MILANO KEENAN
                                           April 15, 2010
WALTER D. HANSEN

            FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                     Joanne F. Alper, Judge

     In this appeal, we consider whether there is sufficient evidence to support the circuit court's holding that a litigant established a prescriptive easement permitting the use of an underground sewer pipe.

     We will state the facts in the light most favorable to Walter D. Hansen, the prevailing party below.  Johnson v. DeBusk Farm, Inc., 272 Va. 726, 730, 636 S.E.2d 388, 390 (2006); Jenkins v. Bay House Assocs., L.P., 266 Va. 39, 41, 581 S.E.2d 510, 511 (2003).  In 2007, Judith A. Hafner employed a contractor to complete a remodeling project on her Arlington home located on Fillmore Street (the Fillmore Street property).  The contractor discovered that a sewage pipe (the left side sewer line) lay 11 feet underground on the left side of Hafner's house.  The left side sewer line, which was not visible above ground and was connected to the sewer main under

---

[1] Justice Keenan participated in the hearing and decision of this case prior to her retirement from the Court on March 12, 2010.

Fillmore Street, provided sewer service to an apartment building located directly behind the Fillmore Street property.

During construction in June 2007, the contractor damaged the left side sewer line, and Hafner directed the contractor to repair it. The contractor repaired the left side sewer line and moved it several feet on the Fillmore Street property so that this sewer line would not interfere with the construction process.

About two months later, Hafner's attorney sent a letter to Hansen, the owner of the apartment building, to inform him of the damage to and relocation of the sewer line. In the letter, Hafner's attorney demanded that Hansen purchase an easement for the left side sewer line or construct a new sewer line on his own property.

After the parties failed to reach an agreement, Hafner filed a complaint in the circuit court asserting that the left side sewer line constituted a trespass on her property. Hafner sought a permanent injunction to prohibit Hansen from maintaining the left side sewer line on the Fillmore Street property and sought $15,000 in damages. In response, Hansen denied the allegations of trespass, and asserted that he had acquired a prescriptive easement for use of the left side sewer line.

The case proceeded to a bench trial. The evidence showed that in 2006, Hafner purchased the Fillmore Street property, which contained a single-family home that was built around 1927. The apartment building was constructed some time between 1930 and 1940, and has been used continuously as rental property. The Fillmore Street property and the property on which the apartment building was constructed (the apartment building property) were both created by a 1921 subdivision deed, and the boundaries for those properties have not changed since that time.

Plumbing records from the Arlington County Department of Sewers indicated that in July 1940, the County installed a sewer tap to connect the left side sewer line to a new, larger sewer main that had been constructed under Fillmore Street. These plumbing records further showed that at the time the sewer tap was installed, the left side sewer line provided sewer service to both the Fillmore Street property and the apartment building. However, the plumbing records did not indicate when the left side sewer line was constructed.

In 1940, Mr. and Mrs. D. E. Horrigan owned the Fillmore Street property. In 1944, the Horrigans conveyed the Fillmore Street property to Raymond and Dorothy Walters.

Another plumbing record received in evidence showed that, in 1946, the Walters paid for a sewer tap to provide service

3

to a sewer line on the right side of the house (the right side sewer line). This plumbing record, however, did not reference the left side sewer line at issue in this case.

The right side sewer line appeared on a 1963 Arlington County Street Plan, which indicated that this line provided sewer service to the Fillmore Street property. In 1963, Dorothy Walters conveyed the Fillmore Street property to Better Homes Realty, Inc. Three other parties owned the Fillmore Street property prior to the conveyance to Hafner in 2006.

The chain of title for the apartment building property showed that Joseph C. Boss and Lillie K. Boss owned the property in 1940. In 1944, Hansen's step-father, William J. Holtman, Jr., purchased the apartment building property and also purchased a title insurance policy, which revealed that the left side sewer line provided sewer service to the apartment building property but that no easement had been recorded for that line. In 2003, Hansen acquired title to the apartment building property and retained possession of the title insurance policy.

After considering all the evidence, the circuit court denied Hafner's request for injunctive relief and held that Hansen had established a prescriptive easement across the Fillmore Street property for use of the left side sewer line.

4

The circuit court concluded that the previous owners of the Fillmore Street property "had knowledge of the presence of the [left side] sewer line and failed to object to its presence" for at least 20 years, and that the left side sewer line had provided continuous and uninterrupted service to the apartment building since 1940. Hafner appeals.

Hafner argues that Hansen did not establish a prescriptive easement because he failed to prove the required element of adverse use. Hafner contends that a hidden, underground sewer line is not an open and notorious use of property for purposes of establishing an adverse use and that, therefore, the presence of such an underground pipe on a servient estate cannot support the establishment of a prescriptive easement.

In response, Hansen argues that he proved the element of adverse use. He contends that the plumbing records received in evidence established that Hafner's predecessors in title were aware of the presence of the left side sewer line, and that they did not object to the use of that sewer line to provide service to the apartment building. We disagree with Hansen's arguments.

Our standard of review of the circuit court's judgment in this bench trial is well established. We will not disturb that judgment unless it is plainly wrong or without evidence

5

to support it.  Code § 8.01-680; Johnson, 272 Va. at 730, 636 S.E.2d at 390; Amstutz v. Everett Jones Lumber Corp., 268 Va. 551, 558, 604 S.E.2d 437, 441 (2004); Martin v. Moore, 263 Va. 640, 646, 561 S.E.2d 672, 676 (2002).

A party claiming a prescriptive easement bears the burden of proving that easement by clear and convincing evidence. Amstutz, 268 Va. at 559, 604 S.E.2d at 441; Martin, 263 Va. at 645, 561 S.E.2d at 675; Pettus v. Keeling, 232 Va. 483, 486, 352 S.E.2d 321, 324 (1987).  To establish a prescriptive easement, the claimant must prove that use of the servient estate was adverse, under a claim of right, exclusive, continuous, uninterrupted, and with the knowledge and acquiescence of the owner of the servient estate.  Johnson, 272 Va. at 730, 636 S.E.2d at 391; Amstutz, 268 Va. at 559, 604 S.E.2d at 441; Martin, 263 Va. at 645, 561 S.E.2d at 675. The claimant also must prove that this use occurred for a period of at least 20 years.  Johnson, 272 Va. at 730, 636 S.E.2d at 391; Amstutz, 268 Va. at 559, 604 S.E.2d at 441; Martin, 263 Va. at 645, 561 S.E.2d at 675.

When a use is open, visible, and continuous throughout the required prescriptive period, the claimant is entitled to a presumption that the use arose adversely or under a claim of right.  Johnson, 272 Va. at 730, 636 S.E.2d at 391; Martin, 263 Va. at 645, 561 S.E.2d at 676; Umbarger v. Phillips, 240

6

Va. 120, 124, 393 S.E.2d 198, 200 (1990); McNeil v. Kingrey, 237 Va. 400, 404, 377 S.E.2d 430, 432 (1989). The rationale for this presumption is that such use provided the owner of the servient estate with reasonable notice that a right adverse to his interest was being exercised. Umbarger, 240 Va. at 125-26, 393 S.E.2d at 200-01; see McNeil, 237 Va. at 404, 377 S.E.2d at 432. The claimant is not entitled to this presumption if the use is concealed. Umbarger, 240 Va. at 126, 393 S.E.2d at 201.

In the present case, the parties agree that the left side sewer line was buried 11 feet underground and was not visible above ground. Therefore, Hansen did not enjoy a presumption of adverse use and bore the burden of proving this element by clear and convincing evidence.

To prove an adverse use of Hafner's property, Hansen was required to show that he intentionally asserted a claim hostile to Hafner's ownership rights. Chaney v. Haynes, 250 Va. 155, 159, 458 S.E.2d 451, 453 (1995). Such proof of adverse use included a requirement that the use of the land was open and notorious, or that the servient landowner had actual knowledge of the use or reasonably should have discovered it. 4 Richard R. Powell, Powell on Real Property § 34.10[2][f] (Michael A. Wolf, ed. 2000); see Umbarger, 240 Va. at 125-26, 393 S.E.2d at 200-01.

7

Applying these principles, we conclude that the circuit court was plainly wrong in holding that Hansen established by clear and convincing evidence an adverse use of the Fillmore Street property giving rise to a prescriptive easement. The plumbing records received in evidence showed that in 1940, the left side sewer line provided service to both properties. However, the evidence did not demonstrate that the Horrigans, the owners of the Fillmore Street property until 1944, had knowledge that the left side sewer line provided sewer service to the apartment building property.

The records further showed that the left side sewer line was not used exclusively to provide service to the apartment building property until 1946. At that time, the Walters installed a sewer tap to enable the right side sewer line to provide service to the Fillmore Street property. Notably, this evidence failed to establish that the Walters were aware that the left side sewer line extended from the apartment building across their property or that this sewer line continued to be used for the benefit of the apartment building property.

Even assuming, however, that the Walters had actual knowledge in 1946 that the left side sewer line provided service to the apartment building property, this knowledge was insufficient to establish an adverse use. The Walters

8

conveyed the Fillmore Street property 17 years after that date, and Hansen failed to prove that the later owners of this property had any knowledge of, or reasonably should have discovered, the presence or use of the sewer line. See Powell on Real Property § 34.10[2][f]; Umbarger, 240 Va. at 125-26, 393 S.E.2d at 200-01.

The evidence further showed that the land records for the Fillmore Street property do not contain any reference to the left side sewer line, and that this sewer line is buried 11 feet underground and is not visible above the ground. Thus, we conclude that, as a matter of law, Hansen failed to establish by clear and convincing evidence an adverse use of the left side sewer line for at least 20 years. See Johnson, 272 Va. at 730, 636 S.E.2d at 391; Amstutz, 268 Va. at 559, 604 S.E.2d at 441; Martin, 263 Va. at 645, 561 S.E.2d at 675.

Finally, we note that our holding is consistent with the decisions of courts in other jurisdictions. As a general rule, when underground pipes have not been physically apparent throughout the prescriptive period and the servient landowner has not had notice of the existence of those pipes, courts have declined to recognize the establishment of a prescriptive easement. See J. H. Crabb, Annotation, Easements by Prescription in Artificial Drains, Pipes, or Sewers, 55 A.L.R.2d 1144 § 9[b] (1957); see e.g., City of Montgomery v.

9

_Couturier_, 373 So. 2d 625, 627 (Ala. 1979)(to prove prescriptive easement involving underground pipe, evidence must show visible condition placing landowner on notice of adverse occupation); _Sullivan v. Neam_, 183 A.2d 834, 834-35 (D.C. 1962)(prescriptive easement not proved when servient estate owner lacked knowledge of private sewer line and property deeds failed to reveal line's presence); _Powell v. Dawson_, 469 N.E.2d 1179, 1182 (Ind. App. 1984)(to prove prescriptive easement when use of underground drainage pipe not open to observation, claimant must show that servient tenant knew or should have known of existence of pipe); _Maricle v. Hines_, 247 S.W.2d 611, 613 (Tex. App. 1952)(failure to show that use of sewer line was open, notorious, and adverse or to establish that use was with knowledge of owners of servient property barred prescriptive easement); _Fanti v. Welsh_, 161 S.E.2d 501, 505-06 (W.Va. 1968)(prescriptive easement not established when use of sewer was not visible and not known to owner of burdened estate).

For these reasons, we will reverse the circuit court's holding that Hansen established a prescriptive easement for use of the left side sewer line and remand the case for a

determination whether Hafner is entitled to her requested

relief.[2]

Reversed and remanded.

---

[2] Based on our holding, we do not reach Hafner's remaining assignments of error regarding the form of Hansen's pleading or the sufficiency of Hafner's proof of monetary damages.